Thomas Lee NEELEY, Appellant,

v.

STATE of Indiana, Appellee.

No. 682S230 (Formerly 1282S497).

Supreme Court of Indiana.

Dec. 30, 1983.

Rehearing Denied Feb. 23, 1984.

Susan K. Carpenter, Public Defender, Paul Levy, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

This cause involves two direct appeals regarding two separate criminal actions brought against Defendant-Appellant Thomas Lee Neeley in the Marion Superior Courts. Criminal action number one, CR81–260B, proceeded as follows:

8/29/81 Information filed in Criminal Division II charging Appellant with class B felony robbery, to-wit: robbery at an Indiana National Bank on August 28, 1981.

11/9/81 Trial court granted State's Motion to Amend Information adding habitual offender count as count II.

11/19/81 Appellant pleaded guilty to class B felony robbery pursuant to a written plea agreement whereby the State would dismiss count II and recommend a twenty year executed sentence.

12/10/81 Trial court sentenced Appellant to twenty years imprisonment; State filed Motion to *Nolle* count II pursuant to plea agreement.

Criminal action number two, CR81–270A, developed as follows:

12/16/81 Information filed in Criminal Division I charging Appellant with class C felony robbery, to-wit: robbery at an American Fletcher National Bank on August 14, 1981.

2/26/82 Trial court granted State's Motion to Amend Information adding habitual offender count as count II.

3/2/82 Jury found Appellant guilty of class C felony robbery; Appellant waived right to jury trial on count II and pleaded guilty.

3/11/82 Trial court sentenced Appellant to a composite imprisonment term of thirty-five years to be served concurrently with the term imposed in criminal action number one.

Appeal number two, 682S230, is Appellant's direct appeal taken from criminal action number two. In said Appeal, Appellant raises the following three issues with respect to criminal action number two:

1. whether the trial court erred by allowing the State to file a habitual offender count against Appellant;

2. whether the trial court erred by allowing Appellant to plead guilty to being a habitual offender; and,

3. whether the jury's verdict finding Appellant guilty of class C felony robbery was supported by sufficient probative evidence.

Appeal number one, formerly 1282S497, springs from criminal action number one. Specifically, appeal number one is Appellant's direct appeal taken from the trial court's denial on September 1, 1982, of Appellant's original and amended petitions for post conviction relief. In appeal number one, Appellant raises the following two issues:

4. whether Appellant was denied due process of law when the State sought to have him sentenced as a habitual offender in criminal action number two; and,

5. whether Appellant's plea of guilty to class B felony robbery was supported by sufficient probative evidence.

On January 11, 1983, this Court ordered appeal number one consolidated into appeal number two but permitted separate briefs to be filed in each case.

## I

■ Appellant first argues that the trial court erred by allowing the State to amend the information in criminal action number two by adding a habitual offender count. Appellant specifically claims that the trial court erred by violating the "spirit" of the plea agreement reached between the State and Appellant in criminal action number one. That agreement provided in pertinent part as follows:

"3. The State of Indiana agrees to forego prosecution of the Defendant, Thomas Lee Neeley on the charge or count of Habitual Offender, Count II *as added to the original Information filed herein.*
4. The Defendant agrees to plead guilty to a charge or count of Robbery while armed with a deadly weapon, a Class B felony.
5. At the time of the taking of the guilty plea, and again at the time of the Defendant's sentencing, the State will make no recommendation as to the sentence to be imposed on the Defendant except as follows: State recommends a twenty (20) years executed sentence."
(emphasis added).

Clearly, the State agreed to forego prosecution only on the habitual offender count which was added in criminal action number one to enhance the class B felony robbery therein charged on August 29, 1981. This agreement patently did not apply to any charge other than that alleged by the Information in criminal action number one. The State did not, therefore, breach its agreement when it filed to enhance the class C felony robbery underlying criminal action number two.

■ Appellant's argument that the "spirit" of his plea agreement should preclude the State from filing a habitual offender

count against him in an unrelated case merely amounts to a request that this Court rewrite his plea agreement. This we will not do. By Appellant's logic, the State might forever be barred from pursuing a habitual offender count against him. It is well settled that the decision to prosecute or not to prosecute lies within the prosecutor's discretion so long as the prosecutor has probable cause to believe that the accused committed an offense. *Bordenkircher v. Hayes,* (1978) 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604, *reh. denied* 435 U.S. 918, 98 S.Ct. 1477, 55 L.Ed.2d 511. We will not usurp that discretion. We now strictly construe the written plea agreement accepted in criminal action number one and interpret said agreement by the terms explicitly stated therein. Whatever subjective expectation Appellant may have had as to the sentence he might receive in an unrelated cause will not control. The prosecutor in criminal action number one legitimately bargained to waive his discretionary right to prosecute a habitual offender count against Appellant in criminal action number one. *See Howard v. State,* (1978) 268 Ind. 589, 377 N.E.2d 628, *cert. denied* 439 U.S. 1049, 99 S.Ct. 727, 58 L.Ed.2d 708. No similar waiver was made with respect to criminal action number two. Accordingly, the trial court properly allowed the State to file a habitual offender count against Appellant in criminal action number two.

## II

■ Appellant next argues that the trial court erred by allowing him to plead guilty to being a habitual offender in criminal action number two. His argument is based upon Ind.Code § 35–50–2–8(c) (Burns Supp. 1983) which provides:

"If the person was convicted of the felony in a jury trial, the jury shall reconvene for the sentencing hearing; if the trial was to the court, or the judgment was entered on a guilty plea, the court alone shall conduct the sentencing hearing, under IC 35–38–1–3."

Appellant argues that the word "shall" was intended to be a word of command and therefore precludes the possibility of a guilty plea. In *Lawrence v. State*, (1972) 259 Ind. 306, 286 N.E.2d 830, this Court adopted a procedure for handling habitual offender cases. The procedure requires, *inter alia*, that the habitual offender count be made on a page separate from the rest of the charging instrument. This Court expressly held:

"Of course, the accused may plead guilty to this [habitual offender] part of the information, and then no further proceedings before or by the jury would be necessary. No reason appears why the accused, if he should choose, might not submit this issue to the Court without the jury."

*Lawrence*, 259 Ind. at 315, 286 N.E.2d at 835 (adopting language from *State v. Ferrone*, (1921) 96 Conn. 160, 113 A. 452). This statement interpreting our habitual offender statute clearly indicates that the accused may elect to plead guilty to a habitual offender count. Whether the accused may properly be sentenced as a habitual offender is a question of fact which, as any other question of fact, may be settled by the jury or by the court or may be admitted to by the defendant.

In the case of criminal action number two, the taking of Appellant's guilty plea involved substantially the same proceeding as transpires during any other change of plea hearing in the criminal courts of this state. The trial court entered into the record certified copies of certain court and prison records to substantiate Appellant's two prior unrelated felony convictions. In pleading guilty to being a habitual offender, Appellant was afforded the same procedural safeguards required by statute for any guilty plea. We find no error on this issue.

### III

■ Appellant next contends that the evidence was insufficient to sustain his class C felony robbery conviction in criminal action number two. The facts adduced at trial show that Barbara Benson, a teller at the American Fletcher National Bank located at 2055 North Shadeland Avenue in Indianapolis, identified Appellant as the man who stepped up to her teller's station, announced a hold-up, demanded money and left with the bank's cash. Appellant does not argue that the State failed to prove any particular element of class C felony robbery but rather requests that this Court reweigh the evidence. This we will not do. *Fisher v. State*, (1983) Ind. 453 N.E.2d 990. The direct evidence was sufficient to sustain Appellant's robbery conviction in criminal action number two.

### IV

Appellant also argues that the post-conviction relief court considering criminal action number one erred by:

"denying Neeley's allegation that he was denied the benefit of his guilty plea, in violation of due process guarantees under the Indiana and United States Constitutions, where the promise made by the State to induce the plea of guilty in this cause was breached by the State, to the substantial prejudice of Petitioner."

We already have decided in Issue I above that the State agreed to forego prosecution of only the habitual offender count added in criminal action number one. This the State did. The State did not in any way breach the agreement it made with Appellant in criminal action number one when it undertook to have Appellant adjudged a habitual offender in criminal action number two. Appellant's argument is totally without merit.

### V

■ Appellant lastly argues that there was no factual basis for his plea of guilty to class B felony robbery in criminal action number one. Appellant specifically asserts that no evidence was proffered to show that he was armed with a deadly weapon when he perpetrated the charged robbery. The law in Indiana is that a defendant's statement that he understands the nature of the charge against him and understands

that his guilty plea is an admission that he committed the charged crime is sufficient to establish a factual basis for the proper entry of his guilty plea. *Lombardo v. State*, (1981) Ind. 429 N.E.2d 243; *Lloyd v. State*, (1979) 270 Ind. 227, 383 N.E.2d 1048.

During Appellant's guilty plea hearing, the trial court examined Appellant at length and the following exchanges were recorded:

"THE COURT: Was this an armed robbery?

[PROSECUTOR]: This is an—We're treating this as an armed robbery, Judge.

THE COURT: Okay. Mr. Neeley, do you want to plead guilty and take this plea agreement?

DEFT. NEELEY: Yes, sir.

THE COURT: Why?

DEFT. NEELEY: (No response.)

THE COURT: Twenty years is a long time, Mr. Neeley. I want to make absolute sure that you know exactly what you are doing. That you're not being pressured into it, and that you know all of the ramifications of this.

DEFT. NEELEY: Yes, sir. I'm—

THE COURT: Tell me, why do you want to plead guilty?

DEFT. NEELEY: I am. At this point—I mean—Well, I'm guilty of the charge.

THE COURT: No question in your mind?

DEFT. NEELEY: No, sir.

THE COURT: You're not being pressured into this or threatened by a larger sentence if you go to trial?

DEFT. NEELEY: No, sir.

THE COURT: Do you understand that by pleading guilty that you are admitting all the truth of all the facts alleged in the information?

DEFT. NEELEY: Yes, sir.

THE COURT: Okay. Well, let me read you the information to make sure you know exactly what you are pleading guilty to. It says here, "On the 28th day of August, 1981, at and in the County of Marion, State of Indiana,

Thomas Lee Neeley and Kevin L. Riggs, did knowingly while armed with a deadly weapon, to-wit: a handgun, take from the person or presence Rhonda S.—" How do you pronounce that Mr. Margerum [Prosecutor]?

[PROSECUTOR]: Schlenz.

THE COURT: '—Schlenz, property, to-wit: U.S. currency, by putting Rhonda S. Schlenz in fear by using or threatening the use of force of force (sic) on Rhonda S. Schlenz' Is that the charge to which you are pleading?

DEFT. NEELEY: Yes, sir."

We now hold that a sufficient factual basis for Appellant's guilty plea in criminal action number one was established pursuant to *Lombardo* and *Lloyd.*

Finding no error, we affirm Defendant's convictions in all things in both causes.

GIVAN, C.J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.