William R. ANDERSON, Appellant,

v.

STATE of Indiana, Appellee.

No. 1182 S 436.

Supreme Court of Indiana.

July 23, 1984.

Susan K. Carpenter, Public Defender, Paul Levy, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Schuman, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is an appeal from a denial of a petition for post-conviction relief. Appellant, William R. Anderson, was charged with count one of murder, Ind.Code § 35-42-1-1(1) and count two of robbery, a class B felony, Ind.Code § 35-42-5-1. The State dropped count two pursuant to a plea agreement. Appellant entered a plea of guilty to count one which was accepted by the trial court. Appellant was sentenced to thirty years.

Appellant raises one issue on appeal: whether the trial court erred in concluding that appellant's guilty plea was knowing, voluntary, and intelligent where the record

is without conflict that the trial court failed to personally address appellant and advise him that by his plea he was waiving his right to require the State to prove guilt beyond a reasonable doubt according to Ind.Code § 35–4.1–1–3.

The facts relevant to the issue show that on February 5, 1979 William R. Anderson tendered a plea of guilty to murder in the Marion County Superior Court, Criminal Division Two, pursuant to a written plea agreement whereby the State would dismiss a separate count charging robbery, and make no recommendation as to the sentence. The trial court accepted the guilty plea and sentenced appellant to a term of forty years which sentence was subsequently modified to thirty years. At the hearing on the Petition for Post-Conviction Relief, the trial court made the transcripts of appellant's guilty plea and sentencing a part of the record. The transcripts indicate that appellant was not advised that he was waiving his right to require the State to prove his guilt beyond a reasonable doubt.

 A plea of guilty is an admission or confession of guilt made in court before a judge. It is also a waiver of specific constitutional rights. Fundamental due process requires that a criminal charge be proven beyond a reasonable doubt, *In Re Winship*, (1970) 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368, and a defendant's waiver of this right must be knowing, intelligent and voluntary, and appear affirmatively on the record of the guilty plea proceedings. *Boykin v. Alabama*, (1969) 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. In order to uphold a guilty plea as knowing and voluntary the record must provide a sufficient basis for the conclusion that the defendant was meaningfully informed of the rights and law detailed in Ind.Code § 35–4.1–1–3 (Burns 1979); *Turman v. State*, (1979) 271 Ind. 332, 392 N.E.2d 483, at 487.

 Here the record does not demonstrate that the appellant was meaningfully informed by the trial judge that his plea of guilty was a waiver of his right to have the State prove his guilt beyond a reasonable doubt. The State relies on the fact that appellant was advised of this right in the written plea agreement. However, a written plea agreement entered into beyond the sight and hearing of the court may not be considered an adequate substitute for specifically addressing the subject on so fundamental a matter as the concept of having the State prove guilt beyond a reasonable doubt. *German v. State*, (1981) Ind., 428 N.E.2d 234.

 Appellant has satisfied his burden. The evidence is without conflict and leads to but one conclusion opposite to that rendered by the trial court. Therefore this cause is remanded to the trial court with instructions to vacate the guilty plea and to permit the reinstatement of the plea of not guilty.

HUNTER and PRENTICE, JJ., concur.

GIVAN, C.J., and PIVARNIK, J., dissent without opinion.