**Kenneth W. FRAZIER, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 984S346.

Supreme Court of Indiana.

March 26, 1986.

Susan K. Carpenter, Public Defender, Paul Levy, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Petitioner Kenneth W. Frazier was initially charged with three criminal counts: robbery (class B felony), attempted robbery (class B felony) and attempted battery (class C felony). The State also alleged that he was an habitual offender. Frazier pleaded guilty to all counts except the attempted battery, which was dismissed by the State pursuant to a plea bargain agreement. The trial court imposed an aggregate sentence of forty-two years.

Frazier raises two issues in this appeal from the trial court's denial of his subsequent petition for post-conviction relief:

(1) Whether the trial court erroneously accepted his guilty plea, and

(2) Whether the State must offer proof of two prior unrelated felonies when the defendant pleads guilty to the habitual offender count.

*I. Acceptance of Guilty Plea*

Petitioner argues that his guilty plea was not made voluntarily because he initially protested his innocence and then admitted the allegations solely for the purpose of permitting the court to accept his plea. He maintains that the trial court should have rejected his guilty plea and resumed the trial when he protested his innocence.

Frazier initially pleaded not guilty to the charges filed against him. The State's

case in chief was interrupted by plea nego-
tiations and then a guilty plea hearing was
held. The State agreed to dismiss the at-
tempted battery charge in exchange for
Frazier's guilty plea to the remaining
counts. The agreement further recited
that the "entry of his/her guilty plea pur-
suant to this agreement ... constitutes an
admission of the truth of all facts alleged
in the information to which he/she pleads
guilty..." The trial court prefaced the
guilty plea hearing by advising Frazier that
the trial could resume and defendant stated
that he understood.

Petitioner stated that he understood the
terms of the plea agreement and the counts
to which he intended to plead guilty. Be-
fore reading the informations to the de-
fendant the court advised him that it could
not accept his guilty plea unless the facts
presented in the counts were true. De-
fendant stated that he understood. The
court read the informations and then re-
peated that it could not accept his plea
unless the facts presented in the informa-
tion were true. Defendant stated that he
accepted the plea agreement but that all of
the facts were not true: he did not commit
all the acts for which he was charged but
wanted to accept the plea agreement as it
was deemed best for his future. The judge
told him that she would not accept a guilty
plea on that basis. Frazier responded that
the facts presented were correct. The
State presented a factual basis for the
counts. The court then gave Frazier an
opportunity to comment upon the facts
presented. Defense counsel told the court
that a factual discrepancy existed: his
client admitted he attempted to take some-
thing from the intended victim of the at-
tempted robbery but that the object was
not the necklace which was alleged in the
information. The defendant did not have
any other comment and told the court that
he still wished to plead guilty and still
wanted the court to accept the plea agree-
ment. Then court then recounted the spe-
cific terms of the plea agreement and in-
quired one more time whether defendant
still wished to plead guilty; he responded
affirmatively. The court then accepted the

plea agreement and defendant's guilty
plea. Throughout the entire guilty plea
hearing the trial court repeatedly advised
defendant that the trial could be resumed.

A judge may not accept a plea of
guilty when the defendant both pleads
guilty and maintains his innocence. *Ross
v. State* (1983), Ind., 456 N.E.2d 420. Al-
though defendant initially protested his in-
nocence, the court did not enter a judgment
upon his guilty plea until after an examina-
tion of the defendant and the presentation
of a factual basis for his plea, to which he
assented. Ind.Code § 35–35–1–3(b). We
conclude that the trial court properly ac-
cepted appellant's plea.

## II.  *Proof of Habitual Offender Status*

Petitioner argues that the State did
not prove that he had accumulated two
prior unrelated felonies. At the guilty plea
hearing defendant pleaded guilty to the
habitual offender charge after the trial
court read the information. The informa-
tion showed the date, place and offense
involved in the prior convictions. The trial
prosecutor gave a detailed verbal descrip-
tion of the documents that he had in hand
to substantiate the predicate felonies. The
record does not show however that they
were viewed by the court and they were
never introduced into evidence. However,
since a defendant may plead guilty to an
habitual offender charge, *Neeley v. State*
(1983), Ind., 457 N.E.2d 532, the State is
relieved of its burden of proof on that
charge just as a plea of guilty eliminates
the need to prove beyond a reasonable
doubt the commission of the pending felo-
ny.

We note, however, that the trial
court did not specify which of the two
predicate felonies was being enhanced by
virtue of the habitual offender determina-
tion. The cause is therefore remanded and
the trial court is ordered to specify whether
the robbery conviction or the attempted
robbery conviction is to be enhanced by the
thirty year sentence imposed for the habit-
ual offender finding.

We remand to the trial court for correction of sentence.

Otherwise, the judgment is affirmed.