**Richard DAUGHERITY, Appellant
(Petitioner Below),**

**v.**

**STATE of Indiana, Appellee
(Respondent Below).**

**No. 20A03–8906–PC–268.**

Court of Appeals of Indiana,
Third District.

Dec. 27, 1989.

Susan K. Carpenter, Public Defender, Joseph M. Cleary, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Petitioner-appellant Richard Daugherity appeals from the denial of his petition for post-conviction relief. The facts relevant to Daugherity's appeal are summarized below.

On November 5, 1986, Daugherity pleaded guilty to two counts of theft, and he pleaded guilty to being an habitual offender. Daugherity received consecutive sentences of three years for each of the theft counts enhanced by eight years for the habitual offender count, resulting in a total sentence of fourteen years.

Daugherity filed a pro se petition for post-conviction relief on April 14, 1987, which was subsequently amended by the State Public Defender. Following an evidentiary hearing on January 30, 1989, the court denied Daugherity's petition for post-conviction relief.

Two issues are raised on appeal:

(1) whether the post-conviction court erred in finding that a factual basis existed to uphold Daugherity's plea of guilty to being an habitual offender; and

(2) whether the post-conviction court erred when it found that Daugherity entered his plea of guilty knowingly, intelligently and voluntarily.

Daugherity first contends that there was an insufficient factual basis for his plea of guilty to being an habitual offender. Daugherity stresses that the record of the guilty plea hearing does not reflect that the date of commission of the second felony offense occurred subsequent to the date of sentencing for the first felony offense.

■ When a jury determines habitual offender status, the State must show that the defendant has been twice convicted and twice sentenced for felonies, that the commission of the second offense was subsequent to his having been sentenced upon the first, and that the commission of the principal offense upon which the enhanced punishment is being sought was subsequent to his having been sentenced upon the second conviction. *Miller v. State* (1981), 275 Ind. 454, 459, 417 N.E.2d 339, 342. When a defendant pleads guilty to an habitual offender charge, however, the State is relieved of its burden of proof on that charge. *Frazier v. State* (1986), Ind., 490 N.E.2d 315, 316. Thus a distinction exists between the State's burden of proof for a jury determination on an habitual offender charge and the factual basis required for a guilty plea on an habitual offender charge.

■ In *Frazier v. State, supra,* the Supreme Court found that an adequate factual basis existed when the defendant pleaded guilty to an habitual offender charge after the trial court read the charging information identifying the date, place and offense involved in the prior convictions. 490 N.E.2d at 316. Like the defendant in *Frazier,* Daugherity pleaded guilty after the trial court read the information charging him as an habitual offender; the information specified the date, place and offense involved in the predicate felonies.

Despite the factual similarities between *Frazier v. State* and the instant case, Daugherity argues that *Frazier* is distinguishable. Daugherity emphasizes that the prosecutor in *Frazier* gave a detailed verbal description of the documents that he had in hand to substantiate the prior convictions. Yet the Supreme Court noted that the documents were neither admitted into evidence nor reviewed by the trial court. *Id.* Daugherity's attempt to distinguish *Frazier* is unpersuasive. Because Daugherity admitted the facts in the information charging him as an habitual offender, a sufficient factual basis existed for his guilty plea to that charge.

Daugherity next asserts that his guilty plea was involuntary. According to Daugherity, his decision to plead guilty was influenced by his diabetic condition for

which he had received inadequate medical attention.

■ In a post-conviction proceeding, the petitioner bears the burden of proving his grounds for relief by a preponderance of the evidence. The judge who presides over the post-conviction hearing possesses exclusive authority to weigh the evidence and determine the credibility of witnesses. This Court will not set aside the trial court's ruling on a post-conviction petition unless the evidence is without conflict and leads solely to a result different from that reached by the trial court. *Stewart v. State* (1988), Ind., 517 N.E.2d 1230, 1231.

■ A review of the record in the instant case discloses that Daugherity was responsive to the judge's questions at the guilty plea and sentencing hearing. Daugherity recounted the events which gave rise to the charges of theft. He assured the judge that he understood the ramifications of pleading guilty and that he was entering his plea voluntarily and without coercion. The only evidence that Daugherity's diabetic condition vitiated the voluntariness of his plea was his testimony to that effect during the post-conviction proceeding. The post-conviction court determined that Daugherity's testimony was not credible, a determination which the court on appeal may not challenge. *See Stewart v. State, supra.* Daugherity failed to prove by a preponderance of the evidence that his guilty plea was not voluntary.

The denial of post-conviction relief is affirmed.

GARRARD, P.J., and BAKER, J., concur.