**Daniel E. ROE, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

No. 55A01–9202–PC–34.

Court of Appeals of Indiana, First District.

Aug. 31, 1992.

Rehearing Denied Oct. 29, 1992.

Daniel E. Roe, pro se.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-respondent.

BAKER, Judge.

Daniel E. Roe appeals the denial of his petition for post-conviction relief from his guilty plea to escape, a Class C felony,[1] and to being an habitual offender.[2] Because we find Roe's first issue dispositive, we address it only: whether the habitual offender information and the facts alleged at the guilty plea hearing were sufficient to support Roe's guilty plea to being an habit-

1. IND.CODE 35-44-3-5(a).

ual offender. Because we determine they were not, we must reverse.

### FACTS

On January 6, 1988, Roe was charged in the Morgan County Circuit Court with escape, criminal mischief, and being an habitual offender. Roe reached a plea agreement with the State in which he agreed to plead guilty to escape and to being an habitual offender, and the state agreed to dismiss the criminal mischief charge and to dismiss charges pending against Roe's wife. The State also agreed to recommend a 5-year sentence for the escape charge, enhanced by 30 years for the habitual offender adjudication.

At the guilty plea hearing conducted on October 10, 1988, the court accepted Roe's guilty plea, but took the plea agreement under advisement until it could examine the presentence report. On November 9, 1988, the court accepted the plea agreement and imposed the recommended sentence. Roe later filed a petition for post-conviction relief from his guilty plea, and the court denied the petition. Roe now appeals the denial of his petition.

### DISCUSSION AND DECISION

#### Standard of Review

In his petition for post-conviction relief, Roe had to establish by a preponderance of the evidence that he was entitled to the relief he sought. *Grey v. State* (1990), Ind., 553 N.E.2d 1196, 1197. The post-conviction relief court had the sole authority to weigh the evidence and to determine the credibility of the witnesses. *Id.* In reviewing the denial of post-conviction relief, the appellate court considers only the probative evidence and reasonable inferences supporting the post-conviction court's judgment. *Wickliffe v. State* (1988), Ind., 523 N.E.2d 1385, 1386. For Roe to prevail on appeal, he must establish that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite the con-

2. IND. CODE 35-50-2-8.

clusion the post-conviction relief court reached. *Id.*

### Habitual Offender Adjudication

■ Roe claims the habitual offender information and supporting evidence introduced at the guilty plea hearing were insufficient to adjudge him an habitual offender because the State did not allege, and there was no evidence, Roe's two prior unrelated felonies and the present underlying felony occurred in the sequence mandated by statute.

IND.CODE 35-50-2-8 provides, in relevant part:

(a) The State may seek to have a person sentenced as an habitual offender for any felony by alleging, on a page separate from the rest of the charging instrument, that the person has accumulated two (2) prior unrelated felony convictions.

(b) After he has been convicted and sentenced for a felony committed after sentencing for a prior unrelated felony conviction, a person has accumulated two (2) prior unrelated felony convictions....

Under this statute, the state must prove, or the defendant must admit, each subsequent felony was committed after sentencing was imposed for the prior felony. *Youngblood v. State* (1987), Ind., 515 N.E.2d 522, 527.

■ In this case, the habitual offender information set forth the dates Roe was convicted of the two prior felonies, but it failed to show the dates he committed the prior felonies. Although the dates the prior felonies were committed may be introduced into evidence through testimony, *see State v. Brooke* (1991), Ind., 565 N.E.2d 754, 755, *trans. denied,* the guilty plea hearing transcript reveals evidence of the commission dates was never introduced, and Roe was not informed on the record that the statute mandated the specific sequence. Because the facts alleged in the charging information and at the guilty plea hearing were insufficient to adjudge Roe an habitual offender, the guilty plea court

erred when it accepted Roe's guilty plea to being an habitual offender and enhanced Roe's sentence for his escape conviction by 30 years pursuant to the plea agreement. Our analysis is not complete, however. We must also determine the status of the remaining terms under the plea agreement.

■ Pursuant to IND.CODE 35-35-3-3(d), once a court accepts a plea agreement, it is bound by the terms of the agreement. When the plea agreement contains a sentencing recommendation, the court is obligated to impose the sentence in accordance with that recommendation. *Reffett v. State* (1991), Ind., 571 N.E.2d 1227, 1230. Here, the State agreed in the plea agreement to recommend a five-year sentence for Roe's escape conviction, enhanced by 30 years for his status as an habitual offender. By vacating the recommended sentence enhancement, however, we are altering Roe's sentence for escape.[3] Because the court may not increase or decrease a sentence recommended under an accepted plea agreement, we must vacate Roe's guilty plea to the charge of escape and the accompanying plea agreement. Prohibitions against double jeopardy do not bar the State from refiling the escape charge, however, because a void judgment does not put a defendant in jeopardy. *Niece v. State* (1983), Ind.App., 456 N.E.2d 1081, 1084. Neither is the State prohibited from refiling the habitual offender information because correcting an illegal sentence does not violate the prohibition against double jeopardy. *Golden, supra,* at 1223-24. Furthermore, absent being barred under the theory of vindictive prosecution, the State is not prohibited from refiling the criminal mischief charge. *Saucerman v. State* (1990), Ind.App., 555 N.E.2d 1351, 1354; IND.CODE 35-34-1-13.

The judgment is vacated.

ROBERTSON and RUCKER, JJ., concur.

---

**3.** We note that altering the sentence under a plea agreement is different from vacating a conviction under a plea agreement. In *Golden v. State* (1990), Ind.App., 553 N.E.2d 1219, 1221, *trans. denied,* this court held that vacating only one of two convictions entered under a single plea agreement did not affect the remaining conviction and recommended sentence.