**Darren B. STONE, Appellant-Defendant,**

**v.**

**STATE of Indiana, Appellee-Plaintiff.**

**No. 59A05-9205-CR-00175.**

Court of Appeals of Indiana,
Third District.

Sept. 28, 1992.

Charlene R. Hall, Haury & Hall, Bedford, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Sue A. Bradley, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

HOFFMAN, Judge.

Appellant-defendant Darren B. Stone appeals his conviction for escape, a Class C felony, and an habitual offender determination.

The facts relevant to the appeal disclose that on April 23, 1991, the State filed an information charging appellant with Class C felony escape. On August 12, 1991, the State amended the information, adding an habitual offender charge. The State amended the habitual offender charge on January 6, 1992, and appellant entered a guilty plea to the escape charge that same day. Also on January 6, the court accepted the guilty plea and convened a jury to hear the evidence on the habitual offender charge. The jury determined appellant to be an habitual offender, and on February 5, 1992, the court sentenced appellant to a 38-year term of imprisonment (8 years on the escape conviction with a 30-year enhancement due to the habitual offender determination).

Appellant raises four issues for review; however, this Court finds the following issue dispositive of the appeal: whether the trial court erred in convening a jury to determine appellant's habitual offender status after accepting appellant's guilty plea on the underlying felony.[1] As both parties note, IND.CODE § 35-50-2-8 (1992 Supp.), the habitual offender statute, provides in pertinent part:

> "(c) If the person was convicted of the felony in a jury trial, the jury shall reconvene for the sentencing hearing. *If* the trial was to the court or *the judgment was entered on a guilty plea, the court alone shall conduct the sentencing hearing* under IC 35-38-1-3."

(Emphasis supplied.) The court clearly violated the mandatory language of the statute by not conducting the habitual offender proceeding without a jury. However, as the error was not one of evidence insufficiency, the remedy is a retrial of the habitual offender charge rather than a reversal. *See Phillips v. State* (1989), Ind., 541 N.E.2d 925, 926. Accordingly, this Court remands the cause to the trial court to vacate the habitual offender determination and retry the habitual offender charge.[2]

Remanded.

GARRARD and STATON, JJ., concur.

1. This Court would note that, as a general rule, a defendant may not pursue a direct appeal from a guilty plea unless sentencing errors are the only issue. *See Browning v. State* (1991), Ind.App., 576 N.E.2d 1315, 1317. However, in order to preserve judicial resources and promote efficiency in the resolution of cases, this Court will overlook appellant's failure to file a petition for post-conviction relief and address the merits of the habitual offender issue.

2. Appellant also claims trial counsel was ineffective for failing to object to a jury hearing the evidence on the habitual offender charge; however, due to our ruling, any ineffectiveness on the part of trial counsel was harmless.