Jeffrey E. TUMULTY, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 48A02–9409–CR–539.

Court of Appeals of Indiana,
Second District.

Feb. 28, 1995.

William D. McCarty, Anderson, for appellant.

Pamela Carter, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

KIRSCH, Judge.

Jeffrey Tumulty pleaded guilty to attempted Criminal deviate conduct,[1] a Class B felony, two counts of Battery,[2] as Class C felonies, and being an habitual offender.[3] On

---

1. Attempt, IC 35–41–5–1 (1993 Ed.); Criminal deviate conduct, IC 35–42–4–2 (1993 Ed.).

2. IC 35–42–2–1(3) (1993 Ed.).

3. IC 35–50–2–8 (1993 Ed.).

appeal, Tumulty challenges the sentences imposed and the validity of his guilty plea to the habitual offender charge.

We vacate the habitual offender determination and resulting sentence enhancement, and affirm the convictions and sentences for battery and criminal deviate conduct.

## ISSUES

The parties raise four issues for our review:

1. Whether Tumulty can challenge on direct appeal his guilty plea to an habitual offender charge?

2. Whether Tumulty's guilty plea to an habitual offender charge was valid where there was no evidence that he committed the second prior unrelated felony after he was sentenced for the first prior unrelated felony?

3. Whether the trial court articulated sufficient reasons to justify enhancement of Tumulty's sentence?

4. Whether Tumulty's sentence is manifestly unreasonable?

## FACTS

On October 6, 1993 Tumulty was charged with attempted criminal deviate conduct, two counts of battery, and being an habitual offender. In the midst of a jury trial, he pled guilty to all charges without any agreement as to the sentence to be imposed.

In sentencing Tumulty, the trial court found aggravating factors and sentenced him to: 1) the presumptive sentence of ten years for the attempted criminal deviate conduct conviction, enhanced by ten years for aggravating circumstances; 2) sentences of four years for each battery conviction, those sentences running concurrently with each other but consecutive to the criminal deviate conduct conviction; and, 3) an enhancement of twenty years for the habitual offender conviction. Tumulty's total sentence for all convictions was forty-four years.

## DISCUSSION AND DECISION

### Issue One: Direct Appeal of Habitual Offender Plea

As a preliminary matter, the State argues that Tumulty cannot challenge on direct appeal the sufficiency of the factual basis for his guilty plea to the habitual offender charge. The State concedes that sentencing errors and constitutional infirmities appearing on the face of the record may be raised in a direct appeal from a guilty plea, but argues that a challenge to the plea itself must be made through a petition for post-conviction relief. *Appellee's Brief* at 4–5.

The means by which Tumulty appeals his habitual offender determination directly affects our standard of review. If Tumulty challenges his guilty plea to the habitual offender charge through a petition for post-conviction relief, as the State contends he must, then Tumulty would have the burden of proving at the post-conviction relief hearing that his various convictions did not occur in the required sequence. *See Weatherford v. State* (1993), Ind., 619 N.E.2d 915, 917–18. *See also Lingler v. State* (1994), Ind., 644 N.E.2d 131; *Long v. State* (1995), Ind.App., 645 N.E.2d 1111. On the other hand, by challenging his habitual offender determination on direct appeal, Tumulty need only demonstrate that the State failed at the guilty plea hearing to prove the commission dates of the predicate felonies used to support that determination. *See Weatherford,* 619 N.E.2d at 917; *Jaske v. State* (1989), Ind., 539 N.E.2d 14, 24.

Our supreme court has, in the past, flatly stated that a direct appeal may not be taken from a guilty plea. *See, e.g., Snow v. State* (1964), 245 Ind. 423, 424, 195 N.E.2d 468, 469 ("It has been held many times by this court that where a defendant has entered a plea of guilty, or accepted a suspended sentence, there can be no appeal taken from the judgment entered therein."), *reh'g denied,* 245 Ind. 423, 199 N.E.2d 469. More recently, our supreme court and this court have allowed exceptions to this rule for direct appeals of: 1) sentencing errors, *see Weyls v. State* (1977), 266 Ind. 301, 302, 362 N.E.2d 481, 482; 2) constitutional infirmities appearing on the face of the record, *see Hathaway*

*v. State* (1968), 251 Ind. 374, 377, 241 N.E.2d 240, 241–42; *Woods v. State* (1981), Ind.App., 426 N.E.2d 107, 110; and, 3) fundamental error, *see Goode v. State* (1974), 160 Ind.App. 360, 363, 312 N.E.2d 109, 111. In addition, our supreme court has elected to treat a direct appeal from the trial court's denial of a defendant's motion to vacate a guilty plea as one filed pursuant to Ind.Post–Conviction Rule 1 and ripe for the Court's review. *Grimes v. State* (1972), 257 Ind. 660, 661, 278 N.E.2d 271, 271 ("We will treat appellant's motion as one filed under P.C.1 since that is the appropriate procedure for requesting the vacation of a guilty plea."). This court has also allowed a direct appeal from a guilty plea where it would serve judicial economy. *Stone v. State* (1992), Ind.App., 599 N.E.2d 616, 617 n. 1 ("[I]n order to preserve judicial resources and promote efficiency in the resolution of cases, this Court will overlook appellant's failure to file a petition for post-conviction relief and address the merits of the habitual offender issue.").

█ The State's failure to establish the proper sequence of commission and sentencing for the predicate felonies on an habitual offender charge is fundamental error. *See Jordan v. State* (1987), Ind., 510 N.E.2d 655, 660; *Weatherford*, 619 N.E.2d at 917. As fundamental error, Tumulty may challenge the adequacy of the basis for his plea to the habitual offender charge on direct appeal. *See Goode*, 160 Ind.App. at 363, 312 N.E.2d at 111.

█ Judicial economy also favors permitting a direct appeal. Were we to disallow Tumulty's direct appeal of his guilty plea as urged by the State, we would still have the two sentencing issues raised by Tumulty to consider here. While Tumulty's appeal is pending, the trial court lacks jurisdiction to entertain any post-conviction relief petition he might file. *See Bright v. State* (1972), 259 Ind. 495, 496, 289 N.E.2d 128, 129. Tumulty could, therefore, either wait until this appeal is concluded and then file his post-conviction relief petition, or he could petition this court for leave to file a post-conviction relief petition with the trial court and request that we hold this appeal in abeyance pending a ruling by the trial court. *See Davis v. State* (1977),

267 Ind. 152, 156–57, 368 N.E.2d 1149, 1151. Because our review of the adequacy of the factual basis for Tumulty's guilty plea does not require an evidentiary hearing, to delay that review while Tumulty files a petition for post-conviction relief would result in counsel and the courts ultimately expending additional time and effort to no useful purpose. *See Bright*, 259 Ind. at 500, 289 N.E.2d at 131 ("To me, dismissal operates here as a useless wasting of judicial resources.") (DeBruler, J., concurring and dissenting).

Although we find that the issue raised by Tumulty falls within the fundamental error exception to the prohibition against the direct appeal of guilty pleas, it is clear the prohibition needs to be reconsidered. Our appellate courts' preference in more recent holdings to avoid strict enforcement of this prohibition reflects an evolution in Indiana appellate procedure. Originally, a guilty plea could not be directly appealed because an appeal was initiated by a motion for a new trial and that motion was available only if the conviction was entered after a trial. *See Ledgerwood v. State* (1893), 134 Ind. 81, 91, 33 N.E. 631, 634–35 ("The motion for a new trial was properly overruled, because there had been no trial, and a new trial can only be granted where there has been a trial."). Relief from a guilty plea was instead sought by asking leave of the trial court to withdraw the plea, and then appealing from the trial court's ruling if the motion was denied. *See Snow, reh'g denied*, 245 Ind. at 428, 199 N.E.2d at 471 ("The proper procedure is to file verified petitions in term to withdraw the plea of guilty and to vacate the judgment, and to appeal if they are overruled."). An attack upon a guilty plea which raised matters not appearing of record in the trial court was made by applying for a writ of error *coram nobis. Id.* 199 N.E.2d at 470–71. *See also State ex rel. Kunkel v. Circuit Court of La Porte County* (1936), 209 Ind. 682, 687, 200 N.E. 614, 616.

Changes in appellate procedure have eliminated motions for new trials and writs of error *coram nobis;* now, most direct appeals may be taken without filing a preliminary motion with the trial court. An appeal which depends upon evidence not within the record

of the trial court in a criminal case may be brought either by a motion to correct error pursuant to Ind.Crim.Rule 16, or through a petition for post-conviction relief. With these changes, an outright prohibition of a direct appeal from a guilty plea seems no longer warranted.

It appears to us that the adequacy of the record on the issues appealed should determine whether the direct appeal of a guilty plea is the appropriate mechanism for review. If the transcript of the guilty plea hearing is confusing or inconclusive or additional evidence is otherwise required, the appeal of a guilty plea should be initiated through a timely motion to correct error or petition for post-conviction relief. *See Hunter v. State* (1985), Ind.App., 477 N.E.2d 317, 321 n. 3; *Armstead v. State* (1992), Ind.App., 596 N.E.2d 291, 293. *See also Crain v. State* (1973), 261 Ind. 272, 273, 301 N.E.2d 751, 751–52 ("[T]he type and extent of evidentiary hearing afforded at a post-conviction proceeding is . . . specifically designed to allow appellant an opportunity to establish the factual assertions he makes concerning his guilty plea."). Where the issues do not require additional evidence or an evidentiary hearing, however, we see no reason not to consider them on direct appeal. Here, because the State's success or failure in establishing the factual basis for Tumulty's guilty plea to the habitual offender charge can be determined from the record of the hearing and that record is available for our review, Tumulty should be allowed to directly appeal his guilty plea without regard to whether the issue he raises fits within one of the exceptions to the rule against direct appeals of guilty pleas. We, therefore, encourage our supreme court to recognize that the antiquated prohibition against the direct appeal of a guilty plea is no longer justified under current appellate procedure and allow such appeals where warranted.

### Issue Two: Sufficiency of Factual Basis for Habitual Offender Plea

Tumulty contends that his guilty plea to the habitual offender charge is invalid because the record does not contain a sufficient factual basis establishing the chronological sequence of the predicate felonies and he did not knowingly, intelligently, and voluntarily admit to that sequence. We agree.

■ A defendant may be determined to be an habitual offender and his sentence upon a felony conviction enhanced by up to thirty years if the State pleads and proves that the defendant has been convicted and sentenced for two prior unrelated felonies, that commission of the second felony was subsequent to his sentencing on the first, and that the principal offense upon which the enhanced punishment is sought was committed after his sentencing on the second prior conviction. *See* IC 35–50–2–8; *Webster v. State* (1994), Ind., 628 N.E.2d 1212, 1214–15; *McCombs v. State* (1989), Ind., 536 N.E.2d 277, 279. Failure of such proof requires that the habitual offender determination and sentence enhancement be vacated. *McCombs,* 536 N.E.2d at 279.

■ Although a defendant may plead guilty to an habitual offender charge, *Neeley v. State* (1983), Ind., 457 N.E.2d 532, 535, a trial court may not enter judgment on a guilty plea "unless it is satisfied from its examination of the defendant or the evidence presented that there is a factual basis for the plea." IC 35–35–1–3(b) (1993 Ed.). In *Frazier v. State* (1986), Ind., 490 N.E.2d 315, our supreme court found the factual basis for an habitual offender plea was established where the trial court read the information showing the date, place, and offense involved in the prior felony convictions and "[t]he trial prosecutor gave a detailed verbal description of the documents that he had in hand to substantiate the predicate felonies." *Id.* at 316. The opinion in *Frazier* does not reveal the exact nature of the prosecutor's detailed verbal description of the documents substantiating the predicate felonies. From the Court's decision, however, it appears that the habitual offender information and the detailed verbal description of documents substantiating the predicate felonies either established the required chronological sequence of those felonies or, at least, adequately informed the defendant of the nature of the habitual offender charge; such is not the case here.

The State argues that by admitting he was an habitual offender, Tumulty also admitted

all facts needed to establish the factual basis for his plea. That is, Tumulty's specific admission that he was an habitual offender contained an implicit admission that Tumulty had committed two prior felonies that were unrelated to his attempted criminal deviate conduct conviction *and* that he committed the second unrelated felony after he was sentenced on the first. This is true if, but only if, Tumulty understood that the habitual offender charge required a specific sequence of predicate felony commission and sentencing dates and that by admitting he was an habitual offender, Tumulty was admitting that specific sequence. Here, the prosecutor read the information charging Tumulty with being an habitual offender and Tumulty admitted those allegations, but neither the commission dates of the prior unrelated felonies nor language explaining the required sequence appear of record.

■ A guilty plea operates as a waiver of specific constitutional rights. *See Anderson v. State* (1984), Ind., 465 N.E.2d 1101, 1102. Among those rights is the fundamental due process requirement that the criminal charge be proved beyond a reasonable doubt. *Id.; In re Winship* (1970), 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368. The defendant's waiver of this due process right must be knowing, intelligent, and voluntary, and must appear affirmatively on the record of the guilty plea proceedings. *Anderson,* 465 N.E.2d at 1102.

■ To be voluntary in the constitutional sense, a defendant's guilty plea must be made with an understanding of the charge against him. *See Henderson v. Morgan* (1976), 426 U.S. 637, 645 n. 13, 96 S.Ct. 2253, 2257 n. 13, 49 L.Ed.2d 108. The same requirement is imposed by IC 35-35-1-2(a): "The court shall not accept a plea of guilty ... without first determining that the defendant [ ] [u]nderstands the nature of the charge against him...."

■ The essential nature of the habitual offender charge is that the offender was sentenced for the first predicate felony conviction before committing the second predicate felony. The minimum requirements for a guilty plea to an habitual offender charge are

met, therefore, if the record shows either that the defendant admitted committing the two predicate felonies in the required sentencing/commission sequence or that the defendant was aware of the required sequence and, thus informed, admitted being an habitual offender. Where neither is shown, the omission is fatal:

"In this case, the habitual offender information set forth the dates [the defendant] was convicted of the two prior felonies, but it failed to show the dates he committed the prior felonies. Although the dates the prior felonies were committed may be introduced into evidence through testimony, the guilty plea hearing transcript reveals evidence of the commission dates was never introduced, and [the defendant] was not informed on the record that the statute mandated the specific sequence. Because the facts alleged in the charging information and at the guilty plea hearing were insufficient to adjudge [the defendant] an habitual offender, the guilty plea court erred when it accepted [the defendant's] guilty plea to being an habitual offender and enhanced [his] sentence ... pursuant to the plea agreement."

*Roe v. State* (1992), Ind.App., 598 N.E.2d 586, 588 (citation omitted), *trans. denied. But see Daugherity v. State* (1989), Ind.App., 547 N.E.2d 1116 (adequate factual basis for an habitual offender guilty plea established solely by information specifying the date, place and offense involved in the predicate felony convictions).

■ The record here does not show that Tumulty understood the nature of the habitual offender charge against him or that a factual basis for his guilty plea was established. The State's failure to establish the commission date of the second predicate felony which formed the basis of Tumulty's habitual offender determination or to show that Tumulty knowingly admitted that sequence by pleading guilty compels us to vacate that determination and its sentence enhancement.

The dissent correctly notes that if Tumulty had sought review of his habitual offender plea through post-conviction relief, then he would have the burden of proving that his prior convictions had not occurred in the

required order, citing *Lingler v. State* (1994), Ind.App., 635 N.E.2d 1102, 1105.[4] The dissent then suggests that "the person seeking to challenge his guilty plea should not be permitted to avoid what would otherwise be his burden by asserting his challenge by direct appeal, rather than by post-conviction proceedings." This suggestion overlooks the reason given by our supreme court for requiring a post-conviction relief petitioner to prove that the prior unrelated felony convictions used to establish his habitual offender status did not occur in the required sequence:

> "[T]he purpose of post-conviction relief is not simply to relitigate claims that might have been litigated on direct appeal. Accordingly, a petitioner who seeks to raise an issue which might have been raised on direct appeal is commonly put to a tougher standard of proof tha[n] he would have been had the issue been raised earlier."

*Lingler*, Ind., 644 N.E.2d at 132. Thus, the reason why a postconviction relief petitioner is subjected to a greater burden than an ordinary criminal defendant on direct appeal is that the petitioner had a prior opportunity to raise the issue in question and neglected that opportunity. Because Tumulty has raised the issue at the first possible opportunity, he should not be put to the tougher standard of proof. *See id. See also Weatherford*, 619 N.E.2d at 918 (DeBruler, J., dissenting).

### Issue Three: Sentence Enhancement

In sentencing Tumulty, the trial court found aggravating circumstances, enhanced the presumptive sentence for the attempted criminal deviate conduct conviction, and ordered that sentence served consecutively to that of one of his battery convictions. Tumulty challenges both the enhancement and the imposition of consecutive sentences.

■ When faced with a challenge to the sentence imposed by the trial court, we bear in mind that sentencing decisions rest within the sound discretion of that court. *Sims v. State* (1992), Ind., 585 N.E.2d 271, 272. We will reverse on appeal only upon a showing of a manifest abuse of that discretion. *Id.*

■ Before sentencing an offender for a felony conviction, the trial court is required to conduct a hearing to consider facts and circumstances relevant to sentencing. IC 35–38–1–3 (1993 Ed.). After considering that information, the trial court may enhance the basic sentence, impose consecutive sentences, or both. *McNeely v. State* (1988), Ind.App., 529 N.E.2d 1317, 1327. A single valid aggravating circumstance is sufficient to support an enhanced sentence on appeal, and that same circumstance can be used to both enhance a presumptive sentence and to impose consecutive sentences. *Miller v. State* (1994), Ind.App., 634 N.E.2d 57, 64. A defendant's prior criminal history is an aggravating circumstance specifically recognized by statute. *Id.*

■ When the trial court finds aggravating or mitigating circumstances, it must include within the record a statement of its reasons for selecting the sentence it imposes. *McNeely*, 529 N.E.2d at 1327. That statement must identify all significant aggravating and mitigating circumstances, it must specifically state why each circumstance is considered to be aggravating or mitigating, and it must articulate the court's evaluation and balancing of the aggravating circumstances against the mitigating circumstances to determine whether the mitigating circumstances offset the aggravating ones. *Id.*

■ At the sentencing hearing, the State offered evidence of Tumulty's criminal record and his post-arrest threats against the victim as potential aggravating circumstances, and the trial court discussed each and the weight each deserved. As potential mitigating circumstances, Tumulty's counsel identified Tumulty's intoxication, his relative youth, his affection for his daughter, his restraint in not later harassing the victim or getting into trouble in jail, and the money he saved taxpayers by pleading guilty. The trial court then discussed each potential mitigating circumstance and the weight each deserved. Finally, the trial court adopted both discussions as part of its findings, specifically found that the aggravating circumstances greatly

---

**4.** *Affirmed in part and vacated in part, Lingler v.* State (1994), Ind., 644 N.E.2d 131.

outweighed the mitigating ones, and imposed sentence. We find that the trial court's discussion with counsel and explanation of the sentences it imposed adequately articulated its findings regarding each of the aggravating and mitigating circumstances and that the trial court explicitly found the aggravating circumstances outweighed the mitigating ones. This is sufficient to justify the trial court's imposition of enhanced and consecutive sentences. *See Brehm v. State* (1990), Ind.App., 558 N.E.2d 906, 909.

### Issue Four: Unreasonableness of Sentence

Finally, Tumulty contends that the twenty-year sentence for his attempted criminal deviate conduct conviction is manifestly unreasonable. We will not conclude a sentence is manifestly unreasonable unless no reasonable person could find the challenged sentence appropriate to the particular offense and offender. *Guenther v. State* (1986), Ind., 501 N.E.2d 1071, 1073; Ind.Appellate Rule 17(B)(2). In light of the aggravating circumstances considered by the trial court, including Tumulty's six prior battery convictions and his post-arrest threats against his victim, we do not find Tumulty's sentence to be manifestly unreasonable.

The determination that Tumulty was an habitual offender and the resulting sentence enhancement are vacated. His convictions and sentences for attempted criminal deviate conduct and battery are affirmed.

STATON, J. concurs.

SULLIVAN, J. dissents with separate opinion.

SULLIVAN, Judge, dissenting.

Notwithstanding the long established principle that a guilty plea may not be challenged by a direct appeal, I subscribe to the wisdom and logic of the majority's position which in effect is: "Why not?". Our appellate courts have in fact done so. *Perry v. State* (1983) Ind., 447 N.E.2d 599; *Browning v. State*

(1991) 2d Dist. Ind.App., 576 N.E.2d 1315. The majority makes eminent sense when it states that our Supreme Court should allow direct appeals of a guilty plea *"where warranted"*. The question then becomes whether the present situation warrants a direct appeal in the manner in which it was brought here.[5] I diverge somewhat from the determination made by the majority.

It is appropriate, however, that I first address my disagreement with the majority's conclusion as to the factual basis for the habitual offender guilty plea.

It is true that in the adversarial trial setting the State must *prove* the essential elements of the habitual offender status. As noted by the majority, one of those elements involves the sequence in which the prior unrelated felonies were committed in relation to commission of the principle offense for which the enhanced sentence is sought. Such proof must be established beyond a reasonable doubt. I.C. 35-50-2-8(d) (West's 1994 Supp.) That is not the case with regard to guilty pleas.

In a guilty plea situation, the State need only prove a "factual basis" upon which the plea may be made and accepted. In *Frazier v. State* (1986) Ind., 490 N.E.2d 315, 316, a unanimous Indiana Supreme Court held that "since a defendant may plea guilty to an habitual offender charge, [citation omitted] the State is relieved of its burden of proof on that charge just as a plea of guilty eliminates the need to prove beyond a reasonable doubt the commission of the pending felony." To the same effect is *Daugherity v. State* (1989) 3d Dist. Ind.App., 547 N.E.2d 1116. It is important to note that in *Frazier,* as here, the dates of commission of the prior unrelated felonies were absent from the record. Frazier Record at 21. In *Frazier,* as stated in the opinion:

> "The information showed the date, place and offense involved in the prior convictions.... The record does not show that they were viewed by the court and they

---

**5.** It would seem that a direct appeal would be clearly warranted if the reversible error appears on the face of the record. *Weyls v. State* (1977) 266 Ind., 266 Ind. 301, 362 N.E.2d 481; *Stone v.*

*State* (1992) 3d Dist.Ind.App., 599 N.E.2d 616; *Woods v. State* (1981) 1st Dist.Ind.App., 426 N.E.2d 107.

were never introduced into evidence" 490 N.E.2d at 316.[6]

Nevertheless, the court held that the guilty plea was properly accepted. A similar result should obtain here. In light of the fact that Tumulty specifically admitted that he was an habitual offender with relationship to the three specifically charged prior felonies, I would hold that the trial court did not err in accepting the guilty plea.

Even were it otherwise, I would not reverse the habitual offender determination. I have previously stated my agreement with the majority's position that a direct appeal should not be automatically prohibited with regard to an attack upon a guilty plea.

In this regard, however, I believe the majority mistakenly relies upon *Roe v. State* (1992) 1st Dist.Ind.App., 598 N.E.2d 586, authored by Judge Baker, for the proposition that a failure to establish the dates upon which the prior felonies were committed is fatal to a guilty plea. *Roe* was impliedly overruled by *Weatherford v. State* (1993) Ind. 619 N.E.2d 915. Furthermore, in *Lingler v. State* (1994) 1st Dist.Ind.App., 635 N.E.2d 1102, Judge Najam speaking for the court and joined by Judge Robertson, who also concurred in *Roe*, and Judge Baker, held that in a postconviction setting, as was the situation in *Frazier*, *Weatherford*, *Roe*, and *Daugherity*:

> "[t]he petitioner must demonstrate that his convictions did not occur in the required order. [Citation omitted] In other words, the post-conviction petitioner, not the State, bears the burden...." 635 N.E.2d at 1105.[7]

In my view, the person seeking to challenge his guilty plea habitual offender determination should not be permitted to avoid what would otherwise be his burden by asserting his challenge by direct appeal, rather than by post-conviction proceedings.[8]

The nature of the challenge posed by Tumulty and the burden upon him to demonstrate prejudice clearly requires consideration of facts outside the record, i.e., the actual dates of the commission of each prior felony and the dates of conviction. Accordingly, before an appellant could be successful upon a direct appeal, I would require that he utilize a Motion to Correct Error to demonstrate that he was prejudiced in that the prior convictions were not in the required sequence. The proceedings would certainly contemplate an evidentiary-type hearing, or at least affidavits or other documentation. Otherwise, I would require the convicted person to use, as in the past, the post-conviction process.

For the reasons set forth, I would affirm the judgment in all respects.

---

**6.** The habitual charge in *Frazier* alleged the date of conviction of the two prior felonies, the counties in which those convictions took place and the specific felonies involved. The dates upon which the two felonies were committed were not contained in the charge.

**7.** Upon transfer, our Supreme Court reiterated its holding in *Weatherford*, thereby approving and reinforcing Judge Najam's opinion. *Lingler v. State* (1994) Ind., 644 N.E.2d 131.

**8.** It is the majority's position that it is fair to place a more onerous burden upon a post-con-

viction petitioner because "the petitioner had a prior opportunity to raise the issue in question and neglected that opportunity." Maj. op. at 367. If this supposition were uniformly true, I might agree. The procedures available under P.C. 1, however, exist precisely because the issue or issues sought to be raised were not known or available to the petitioner at the earlier time. *Wallace v. State* (1990) Ind., 553 N.E.2d 456; *Smith v. State* (1990) 2d Dist. Ind.App., 559 N.E.2d 338.