Charles THOMAS, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 46A03–9409–PC–323.

Court of Appeals of Indiana.

July 6, 1995.

Transfer Denied Sept. 6, 1995.

Susan K. Carpenter, Public Defender, Stephen T. Owens, Deputy Public Defender, Office of Public Defender, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

## OPINION

GARRARD, Judge.

Pursuant to a plea agreement under which he secured the dismissal of other unrelated charges, Charles Thomas pled guilty to escape, a Class C felony, and to being an habitual offender. He was sentenced accordingly.

He now appeals from denial of his petition for postconviction relief asserting that the state failed to establish a sufficient factual basis for the habitual offender determination. Specifically, he refers to the statutory chronological sequence. *See, e.g., Smith v. State* (1987) Ind., 514 N.E.2d 1254. In neither the trial court nor on appeal has he offered any evidence that in fact the offenses were not committed in the proper sequence.

In *Weatherford v. State* (1993) Ind., 619 N.E.2d 915, 917–918, *reh. denied* our supreme court determined that when a convicted person seeks post-conviction relief concerning an habitual offender determination,

> ... he may not prevail simply by putting the State to its proof as though the case were being tried or appealed in the first instance. Instead, [he] must demonstrate that he was not an habitual offender under the laws of the state.

Citing an earlier Court of Appeals decision, *Roe v. State* (1992) Ind.App., 598 N.E.2d 586, Thomas argues that *Weatherford* should not apply to cases involving a guilty plea. We believe that *Weatherford* overruled *Roe* and that it controls the present appeal.

At the guilty plea hearing Thomas was read both the information (which alleged the dates of conviction but not the dates of commission of the prior offenses) and the statute defining when one is an habitual offender. He stated that he understood and admitted the commission of the prior offenses alleged. We have consistently held that when an accused states that he understands the nature of the charge and understands that by entering a plea of guilty he is admitting the truth of the matters charged, the factual basis is sufficient. *Lombardo v. State* (1981) Ind., 429 N.E.2d 243. While there must be a factual basis for the plea, the state is relieved of its burden of proof when a defendant pleads guilty. *Frazier v. State* (1986) Ind., 490 N.E.2d 315.

Thomas has made no suggestion that the requisite prior felonies were not committed or were not committed in the appropriate statutory sequence. Under *Weatherford* it was his burden to do so if he wished to challenge the habitual offender determination by petition for post-conviction relief. It follows that no error has been established.

Affirmed.

SHARPNACK, J., concurs.

STATON, J., concurs in result and files separate opinion.

STATON, Judge, concurring in result.

I concur in the result reached by the majority.

Our standard of review is dictated by Thomas' means of appeal. *Tumulty v. State* (1995), Ind.App., 647 N.E.2d 361, 363, *trans. pending.* If the record of the guilty plea hearing was adequate to present Thomas' argument without a post-conviction hearing, Thomas could have directly appealed his guilty plea. *Id.* at 365. On direct appeal, Thomas would have had to demonstrate that the State failed to prove the factual basis for the guilty plea. *Id.* However, since Thomas proceeded under post-conviction procedures,

he cannot simply put the State to its proof. *Weatherford v. State* (1993), Ind., 619 N.E.2d 915, 917–918. Instead, Thomas must demonstrate that he was not an habitual offender. *Id.* I agree that he has failed to do so.

Thomas argues that, because he appeals from a guilty plea, he can put the State to its proof. *Roe v. State* (1992), Ind.App., 598 N.E.2d 586. The Roe court concluded that a postconviction petitioner could put the State to its proof of the factual basis for an habitual-offender guilty plea. *Id.* at 587–588.

I agree with the majority that Weatherford implicitly overruled *Roe* in the postconviction context. In *Weatherford*, our Supreme Court provided no exceptions for guilty pleas. See *Tumulty*, supra, at 363 (no exception for post-conviction appeal of guilty plea). I write separately to note that the rationale and burden of proof illustrated by *Roe* is still viable on direct appeal from a guilty plea. See *id.* at 366.

I concur.