**Dennis Dewayne GEANS,**
**Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 20A05–9301–CR–002.**

Court of Appeals of Indiana,
Fifth District.

Nov. 9, 1993.

---

Thomas A. Murto, Murto & Holbrook, Goshen, for appellant-defendant.

Pamela Carter, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

RUCKER, Judge.

Dennis D. Geans was charged with three counts of Nonsupport of a Child, a Class D felony—one count for each of his three minor children. After a trial by jury Geans was convicted of all charges and received three consecutive eighteen month sentences. Geans now appeals raising three issues for our review which we restate as:

1) Whether the evidence was sufficient to sustain the convictions?

2) Whether Geans received effective assistance of counsel?

3) Whether the trial court erred in imposing sentences on each of the three counts?

We affirm.

The facts [1] most favorable to the judgment reveal that Pamela and Dennis Geans

---

1. The statement of facts in Geans' brief is a summary of each witnesses' trial testimony. We have repeatedly stated that the appellate rules contemplate a narrative statement of the facts; a witness by witness summary of the testimony is not a statement of facts within the

were married September 11, 1971 and divorced July 20, 1990. Pamela Geans was granted custody of the three minor children of the parties, Sean, Aubrea and Lindsay. Dennis Geans was granted the right of reasonable visitation and ordered to pay $199.00 a week in child support. For the first three months after the divorce Geans paid child support on a fairly consistent basis. However, for a nine month period from November, 1990 to July, 1991 he paid no child support. Thus, in August, 1991, Geans was charged with three separate counts of Nonsupport of a Child.

At trial, Geans' ex-wife testified that Geans did not pay child support as ordered by the court although he did purchase various items of clothing and toys for the three children. Geans' son Sean testified that Geans gave him small amounts of money, a pair of boots, and other clothing. Geans' daughter Aubrea testified that she received a dress from her father. Geans took the stand in his own defense and testified that he did not pay court ordered child support during the disputed period because he was unable to do so. Geans confirmed that he purchased various items of clothing for all three children. Geans was convicted as charged and this appeal ensued in due course.

### I.

Geans first contends the evidence is insufficient to support the convictions. According to Geans the State has failed to carry its burden and thus the conviction should be reversed.

Our standard of review for sufficiency of the evidence is well-settled. We will neither reweigh the evidence nor judge the credibility of witnesses. We examine only the evidence most favorable to the state along with all reasonable inferences to be drawn therefrom, and, if there is substantial evidence of probative value to support the conviction, it will not be set aside. *Litel v. State* (1988), Ind., 527 N.E.2d 1114.

The State appears to argue that Geans' failure to pay court ordered child support is sufficient to sustain the convictions. We cannot agree. "Support" in the context of a divorce proceeding is substantially different than "support" in the context of a criminal proceeding for Nonsupport of a Child. In the former it is strictly a matter of money, dollars and cents. The intentional nonpayment is punishable by contempt of court and could result in the violator's incarceration. *See* Ind.Code § 31–1–11.5–13; *Holman v. Holman* (1985), Ind.App., 472 N.E.2d 1279. In the latter, money is not directly in issue. Rather, Ind.Code § 35–46–1–1 clearly dictates " 'support' means food, clothing, shelter, or medical care." The distinction is critical.

■ There is no question that faced with a dissolution order to pay a sum certain in child support, a noncustodial parent cannot discharge that obligation by making voluntary financial contributions to the custodial parent, by paying support directly to the dependent child or by paying expenses for the dependent child. *See Bendix v. Bendix* (1990), Ind.App., 550 N.E.2d 825, *trans. denied* (payments made directly to children are non-conforming and do not offset support obligations); *O'Neil v. O'Neil* (1989), Ind., 535 N.E.2d 523 (father not entitled to credit against support arrearage by reason of his direct contributions to daughter's educational costs). On the other hand, that same parent may escape criminal liability by doing that for which he or she would find no refuge in a dissolution court, namely, providing a dependent child with food, clothing, shelter or medical care. However, to escape criminal liability the parent must provide more than a mere token amount of support. *Shuttleworth v. State* (1984), Ind.App., 469 N.E.2d 1210, 1214.

■ The record reveals that Geans provided some support in the form of clothing to each of his dependent children. The total amount of support provided however was minimal at best. Although substantial amounts of food, clothing and shelter may

---

meaning of Ind.App. Rule 8.3(A)(5). *Hoover v. State* (1991), Ind.App., 582 N.E.2d 403, *adopted* (1992), Ind., 589 N.E.2d 243. We admonish

counsel that failure to abide by the rules of procedure may result in waiver of issues presented for review.

preclude criminal liability, the token amounts provided in this case are simply not enough to avoid prosecution. The State presented sufficient evidence to show that Geans failed to support his dependent children.

## II.

Next, Geans contends the trial court erred in imposing sentences on each of the three convictions. According to Geans his alleged failure to provide support is a single act and thus only one offense was committed. We disagree. Ind.Code § 35–46–1–5 dictates in relevant part, "[A] person who knowingly or intentionally fails to provide support to his dependent child commits nonsupport of a child, a Class D felony." The test for determining whether separate sentences may be imposed upon multiple counts is whether the charged offenses are themselves the same and not whether they arose from the same criminal act or course of conduct. *Henderson v. State* (1989), Ind., 534 N.E.2d 1105, 1106. Here, the charged offenses are not the same. There are three separate victims, Sean, Aubrea, and Lindsey, each of whom is entitled to support. Three separate crimes were committed. It was not error for the trial court to impose separate sentences for each offense.

## III.

Finally, Geans contends that he was denied effective assistance of counsel. In support of his claim Geans directs our attention to portions of his ex-wife's testimony accusing him of battery, residential entry, theft and harassment. According to Geans this evidence of prior bad acts was inadmissible and his trial counsel rendered ineffective assistance for not objecting to it.

When reviewing a claim of ineffective assistance of counsel, we initially presume that counsel's representation was within the wide range of reasonable professional assistance. *Dillon v. State* (1986), Ind., 492 N.E.2d 661. On appeal of a criminal conviction the defendant has the burden to rebut the presumption of competency

with strong and convincing evidence. *Burr v. State* (1986), Ind., 492 N.E.2d 306. In order to prevail on a claim of ineffective assistance of counsel, a defendant must show 1) counsel's representation was deficient and 2) the deficient performance so prejudiced the defendant as to deprive him of a fair trial. *Steele v. State* (1989), Ind., 536 N.E.2d 292, *citing Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. We will not reverse unless defendant established that but for counsel's errors, the result of the proceeding would have been different. *Steele*, 536 N.E.2d at 293.

When an ineffective assistance claim is based on counsel's failure to object, the defendant must show the objection would have been sustained if timely made. *Grigsby v. State* (1987), Ind., 503 N.E.2d 394. In this case Geans has not made the requisite showing.

The record here reveals the testimony concerning Geans' battery of Pamela was introduced to explain her reason for obtaining a divorce. The testimony concerning Geans' alleged harassment of his ex-wife and his possible residential entry, which involved Geans allegedly taking property belonging to his ex-wife, was part of the story explaining Geans' reason for refusing to pay court ordered child support. Apparently, Geans' ex-wife asked a male companion to live in her home. Geans learned of the companion's presence and discontinued paying the court ordered support. According to the ex-wife, her actions were motivated by fear of Geans; he apparently had been harassing his ex-wife, had broken into her home, and had removed items belonging to her.

Where evidence of prior bad acts completes the story of events surrounding the commission of an offense, then the evidence may be properly admitted as part of the *res gestae* of the crime. *Benefiel v. State* (1991), Ind., 578 N.E.2d 338, 346, *cert. denied* (1992), — U.S. —, 112 S.Ct. 2971, 119 L.Ed.2d 591. Thus, even if trial counsel had objected to the now challenged testimony, the objection would have been

properly overruled. However, even assuming the testimony was properly objectionable, Geans' argument must nonetheless fail. Geans has not shown that but for counsel's errors, the result of the proceeding would have been any different. *Steele*, 536 N.E.2d at 293. The evidence in this case overwhelmingly shows that Geans did not support his children during the disputed period. Geans focused his defense on his inability to pay.[2] The jury apparently rejected the defense. Accordingly, Geans has failed to demonstrate that he received ineffective assistance of counsel.

Judgment affirmed.

SHARPNACK, C.J., and CONOVER, J., concur.

---

**2.** Ind.Code § 35–46–1–5(d) dictates in relevant part "[I]t is a defense that the accused person was unable to provide support."