**Jeff GUSTMAN, Appellant–
Defendant Below,**

v.

**STATE of Indiana, Appellee–
Plaintiff Below.**

No. 69A01–9506–CR–176.

Court of Appeals of Indiana.

Jan. 17, 1996.

Rehearing Denied April 1, 1996.

Transfer Denied June 12, 1996.

---

Susan K. Carpenter, Public Defender, Lorraine L. Rodts, Deputy Public Defender, Indianapolis, for appellant.

Pamela Carter, Attorney General, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, for appellee.

**OPINION**

ROBERTSON, Judge.

Jeff Gustman appeals the sentence imposed upon his conviction, pursuant to a guilty plea, of the criminal nonsupport of his child as proscribed by Ind.Code 35–46–1–5.

Gustman received the enhanced, maximum, three-year sentence with one year suspended and one year probation. One of the terms of Gustman's probation was that he was to make child support payments upon his release from incarceration. Gustman raises four issues, which we restate and consolidate into three, none of which constitutes reversible error.

### FACTS

The facts established in the guilty plea hearing reveal that Gustman's daughter was born in 1983. Gustman and the child's mother were divorced in 1984. The mother was awarded physical custody, and Gustman was ordered to pay child support.

Over the years, Gustman knowingly, intentionally, and chronically failed to support his daughter. At the time of the guilty plea hearing, Gustman was over $17,000.00 in arrears on his child support obligation. Gustman admitted that his bitterness over the divorce had clouded his judgment with respect to the fulfillment of his legal and moral obligation to support his daughter. The record also reveals that Gustman failed to exercise his visitation rights with his daughter in any significant manner.

In meting out the sentence, the trial court stated:

> I think it's an aggravating factor that he owes $17,000.00 in child support, and from the payment record that's been submitted to the Court over the years. This case does have a long and dishonorable history.... Well, Mr. Gustman, I'm not gonna sentence you to the maximum. Primarily, I suppose, because of your lack of a criminal record and because of my obligations. I'd sentence you to a lot more than three [years] if I could, personally. I'd give you a lot more time than that, if I could.... you could have gotten that visitation even though you weren't paying support, if you'd chosen to do that instead of [running] off to Pennsylvania or South Carolina or some place else.... You didn't pay your support, you didn't think you were amenable to the jurisdiction to this or any other Court, apparently.... Place him on

probation for the remaining year on the condition that he pay his support current Forty Dollars ($40.00) a week and the balance of his salary, up to one-half or 50% of his salary, including $40.00 current, toward the arrearage, ...

Gustman received credit for 207 days actually served.

## DECISION

### I.

### *SENTENCING*

■ Gustman argues that the trial court erred in sentencing him to the maximum term of three years after having identified the significant mitigating factor that he had no prior criminal record. Gustman also argues that the trial court erred by using the size of the arrearage as an aggravating factor.

■ The standard of reviewing a sentence is well-settled. Sentencing is conducted within the discretion of the trial court and will be reversed only upon a showing of a manifest abuse of that discretion. *Sims v. State* (1992), Ind., 585 N.E.2d 271, 272. It is within the discretion of the trial court to determine whether a presumptive sentence will be increased or decreased because of aggravating or mitigating circumstances. *Id.* A sentence authorized by statute will not be revised unless the sentence is manifestly unreasonable. *Id.* A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed. *Id.;* Ind.Appellate Rule 17(B)(2). The trial court's statement must identify all significant aggravating and mitigating circumstances, include a specific reason why each circumstance is aggravating or mitigating, and weigh mitigating circumstances against the aggravating factors. *Boyd v. State* (1991), Ind., 564 N.E.2d 519, 524–525. Only one valid aggravator is needed to sustain an enhanced sentence. *Reaves v. State* (1992), Ind., 586 N.E.2d 847, 852. The trial court is under no obligation to explain its decision not to find a mitigating factor or to assign any particular weight to the defendant's asserted mitigating factors.

*Carter v. State* (1990), Ind.App., 560 N.E.2d 687, 690, *trans. denied.*

In the present case, the trial court found that the particular nature of Gustman's crime was particularly egregious, that his criminal nonsupport had taken place over the period of many years and had resulted in a rather large arrearage. The trial court also noted Gustman's failure to visit with the child. Although the trial court found that the maximum three-year sentence was appropriate, the trial court found that one year should be suspended based upon the mitigating factor that Gustman had no prior criminal record.

The trial court's sentencing statement as set out in the FACTS section reveals that it engaged in the required evaluative process by weighing the aggravating circumstance against the mitigating circumstance. In sum, the trial court found that, among other reasons, the size of the arrearage indicated that the nature of Gustman's crime was particularly egregious and outweighed the mitigating factor that Gustman had no prior criminal record, a factor that the trial court was not required to accord any particular weight. Therefore, we find no error.

### II.

### *CRIMINAL NONSUPPORT or CIVIL CONTEMPT*

■ Gustman argued that he was improperly convicted of criminal nonsupport for merely failing to make his child support payments, a matter punishable by civil contempt proceedings, citing *Geans v. State* (1993), Ind.App., 623 N.E.2d 435. In *Geans,* we noted that a parent may escape criminal liability for nonsupport when he has failed to make his child support payments by providing his child with food, clothing, shelter or medical care. *Id.* at 437. However, in order to escape criminal liability, the parent must show that he provided more than a mere token amount of support. *Id.* We held the evidence sufficient to support Geans' conviction for criminal nonsupport. *Id.* at 438.

In the present case, the record reveals that, although Gustman had made some child support payments over the relevant period,

he had come no where close to meeting his obligation. Therefore, the amounts paid could be appropriately characterized as mere token amounts of support. The record also reveals that Gustman did not visit significantly with the child and, thus, the record does not support any inference that Gustman provided the child with any meaningful amount of food, clothing, shelter, or medical care. Moreover, Gustman has never asserted that he provided his child with food, clothing, shelter, or medical care so as to relieve him of criminal liability for nonsupport.

On the contrary, the record reveals that Gustman admitted that he had committed the crime of criminal nonsupport as was required for the acceptance of his guilty plea. *See Minor v. State* (1994), Ind.App., 641 N.E.2d 85, 89, *trans. denied.* Gustman admitted further that he had refused to support his daughter, at least in part, out of bitterness. The record of Gustman's guilty plea contains an adequate factual basis for his conviction of criminal nonsupport, and we find no error. *See Carney v. State* (1991), Ind.App., 580 N.E.2d 286, 289, *trans. denied.*

■ Gustman argues further that, since his sentence was enhanced an additional 1½ years for the failure to pay support, he has, in effect, received a criminal sanction for a matter punishable by a finding of civil contempt. As such, he argues that he was not afforded all the procedural safeguards afforded to criminal defendants. Nevertheless, within this argument, Gustman concedes that he:

> has been afforded the procedural protections required by the federal and state constitutions with respect to the offense prohibited by I.C. § 35–46–1–5 [the criminal nonsupport statute], but he has never been charged or convicted of the willful failure to provide financial support for his child.

(Gustman's brief, p. 17).

The present proceedings were criminal proceedings in which Gustman had been charged by information with criminal nonsupport under I.C. 35–46–1–5. He was represented by counsel. Gustman does not dispute that he freely and voluntarily pleaded guilty to the offense which necessarily in-

volves the waiver of rights associated with a criminal trial. *See Tumulty v. State* (1995), Ind.App., 647 N.E.2d 361, 366. As discussed under Issue I, Gustman's sentence was appropriately enhanced due to the particular circumstances of the crime.

Gustman received the maximum sentence for the crime of criminal nonsupport. He did not receive a criminal penalty for civil indirect contempt. Therefore, we find no error.

### III.

### *CONDITIONS OF PROBATION*

■ Gustman argues that, because he is indigent and imprisoned, the trial court violated his constitutional rights by ordering that he pay child support as a condition of probation immediately upon his release from incarceration. Gustman cites several cases including *Bearden v. Georgia* (1983), 461 U.S. 660, 671, 103 S.Ct. 2064, 2072, 76 L.Ed.2d 221, for the proposition that an indigent defendant may not be imprisoned for the failure to pay a fine.

Gustman has not yet been imprisoned for the violation of the terms of his probation. Therefore, this issue is not ripe for appellate review. *See Indiana Department of Environmental Management v. Chemical Waste Management* (1994), Ind., 643 N.E.2d 331, 337.

■ Moreover, the Indiana Code expressly recognizes that the payment of child support is an appropriate condition of probation. Ind.Code 35–38–2–2.3(a)(4). Finally, under appropriate circumstances, probation may be revoked and imprisonment imposed for the probationer's willful failure to make required payments. *See Bahr v. State* (1994), Ind.App., 634 N.E.2d 543, 545.

Judgment affirmed.

NAJAM and HOFFMAN, JJ., concur.