**James M. ROOP, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 79S00–9907–CR–405.

Supreme Court of Indiana.

June 30, 2000.

Steven Knecht, Lafayette, Indiana, Attorney for Appellant.

Karen Freeman–Wilson, Attorney General of Indiana, James B. Martin, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

BOEHM, Justice.

James M. Roop, Jr. was convicted of child molesting as a Class A felony, neglect of a dependent as a Class B felony, battery as a Class D felony, and of being a habitual offender. He was sentenced to concurrent terms of fifty years for child molesting, fifteen years for neglect of a dependent, and three years for battery. The child molesting conviction was enhanced by thirty years for the habitual, for an aggregate sentence of eighty years imprisonment. In this direct appeal Roop contends that (1) the trial court erred in excluding evidence that his father-in-law may have molested Roop's wife when she was a child, and (2) there is insufficient evidence to support his convictions. We affirm the judgment of the trial court.

**Factual and Procedural Background**

In November of 1997, Roop resided in Lafayette with his wife Cassandra and her fourteen-month-old daughter, K.S. Cassandra's parents, William and Patty Robinson, lived next door. On the evening of November 19, Cassandra changed K.S.'s diaper and put her to bed. Cassandra observed no injuries or bleeding at that time. Roop and Cassandra went to bed sometime after 3:30 a.m. When Cassandra and

Roop heard K.S. awaken during the night, Roop got up to attend to her. He did not return to bed. At about 8:00 a.m., Roop awakened Cassandra and told her to come to the living room. Cassandra found K.S. lying on the couch on an open, bloody diaper. She was crying and shaking. Roop was cleaning blood from his hands with baby wipes. Cassandra and Roop took K.S. to the emergency room where Dr. Diane Begley observed a "cut that extended into the hymen and towards the rectum." Dr. Begley believed the injury was the result of sexual molestation and contacted Child Protective Services. She arranged for K.S. to be transferred to Indianapolis to be examined by Dr. Roberta Hibbard, an expert in child sexual abuse. Dr. Hibbard concluded that K.S. had been sexually assaulted. Dr. Trace Scherer, a pediatric surgeon, also examined K.S. in Indianapolis and reached the same conclusion. Dr. Scherer surgically repaired the injury after noting it was fifteen millimeters long and ten millimeters deep.

Roop spoke to police at the hospital in Lafayette and stated that he awakened to change K.S.'s diaper and noticed no injury. He changed her diaper, fed her, and bathed her. He watched cartoons with her, put her back to bed, and went to sleep on the sofa. He later heard her "fussing," and then noticed blood in her diaper. He told police that K.S.'s injury might have been caused by a razor blade on the tub, or by her scratching herself while being changed, or that the cat might have done it.

Roop was charged with two counts of child molesting, battery, neglect of a dependent, and with being a habitual offender. His defense at trial was that someone else—possibly his father-in-law—may have molested K.S. He did not dispute that K.S.'s injury was the result of sexual abuse. The jury found him not guilty of one count of child molesting and guilty of the remaining counts and the habitual enhancement. He was sentenced to an ag-gregate term of eighty years imprisonment.

## I. Exclusion of Evidence

Roop contends that the trial court erred by excluding testimony suggesting that William may have molested Cassandra during her childhood. The excluded testimony was that of Karen Anderson, a court-appointed special advocate for K.S. Anderson testified in an offer of proof that she had received information from another person "about sexual molestation being in [the Robinson] family" during Cassandra's childhood. Anderson agreed upon questioning by the State that any allegations that William had molested Cassandra were "obviously multiple hearsay." Moreover, Anderson also testified that Cassandra had told her that "everything had been fine" in regard to her childhood relationship with her father.

■ Roop correctly points out that under Indiana Evidence Rule 401 "[e]vidence which tends to show that someone else committed the crime" is admissible because it "logically makes it less probable that the defendant committed the crime." *Joyner v. State*, 678 N.E.2d 386, 389 (Ind. 1997). The trial court recognized and adhered to this principle, observing that it would not "preclude [the defense] in any way from showing that Mr. Robinson was involved here or was the actual perpetrator but you have to prove it in accordance with the Indiana Rules of Evidence...." The trial court allowed testimony showing that William had a key to Cassandra's apartment, that the door to the apartment was sometimes left unlocked, and that William had previously picked up K.S. without knocking or informing anyone. In addition, Roop's medical expert noted a second injury to K.S. that he believed resulted from an object such as a ring on a finger, and William testified that it was possible he was wearing a ring with an onyx stone on November 20. Nevertheless, William testified that he never took K.S. without Cassandra's permission, and Patty testified that William did not leave their apart-

ment in the morning hours of November 20. Finally, neither Roop nor Cassandra saw William in their apartment during that time period.

■ The trial court properly excluded Anderson's "multiple hearsay" testimony. It found that testimony that William had molested Cassandra was barred by Evidence Rules 404(b) and 403. Rule 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . .

The following test is applied in deciding whether the challenged evidence is admissible: (1) the court must determine that the evidence of other crimes, wrongs, or acts is relevant to a matter at issue other than the person's propensity to commit the charged act; and (2) the court must balance the probative value of the evidence against its prejudicial effect pursuant to Rule 403. *Hicks v. State*, 690 N.E.2d 215, 221 (Ind.1997); *Thompson v. State*, 690 N.E.2d 224, 233 (Ind.1997). In short, if the evidence bears on some issue other than criminal propensity and clears the balancing hurdle of Rule 403, it is admissible.

1. The trial court found that any allegations regarding Cassandra were "remote" in time and that they had "almost no probative value here with regard to [K.S.'s] injuries."

2. As captioned, Roop's argument also alleges insufficiency of the evidence to support the battery and neglect of a dependent convictions. However, the body of his argument is devoted to sufficiency of the evidence relating to the child molesting charge. The only mention of the other counts is the allegation: "The charge for Neglect of a Dependant was predicated on the same theory as the other charges—that Roop placed [K.S.] in danger by molesting and/or committing a battery upon her; rather than on some alternate theory that he placed her in danger by allowing

■ Roop asserts no proper 404(b) purpose for which William's alleged molestation of Cassandra was offered. Indeed, it appears that the testimony was offered solely to suggest that William had molested before and therefore had a propensity to molest again. This is, of course, the "forbidden inference" that Rule 404(b) prohibits. Although a prior molestation may be admissible under Rule 404(b) when offered for a permissible purpose such as intent, plan, or absence of mistake, no such purpose is suggested here.

Its remoteness in time and the lack of any evidence that the molestation of K.S. was in any way similar to the alleged incident involving Cassandra further undermine its admissibility.[1] *See Fisher v. State*, 641 N.E.2d 105, 109 (Ind.Ct.App. 1994). In addition to the trial court's finding that the testimony had "almost no probative value," the testimony presented the possibility of confusing or misleading the jury and could have caused undue protraction of the trial. In light of these considerations, the trial court did not abuse its discretion in excluding the evidence under Rules 404(b) and 403.

## II. Sufficiency of the Evidence

■ Roop contends there is insufficient evidence to support his conviction for child molesting.[2] When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of witnesses. *Spurlock v. State*, 675

someone else to commit the act upon her." As we understand Roop's argument, if there is sufficient evidence of child molesting, there is also sufficient evidence for the other counts. Accordingly, we address only the sufficiency of the evidence of child molesting.

We also note that Roop's convictions for child molesting, neglect of a dependent, and battery appear to raise a claim under the Indiana Double Jeopardy Clause. *See Richardson v. State*, 717 N.E.2d 32 (Ind.1999). Here, the appellant's brief was filed on December 29, 1999, and *Richardson* was readily available to be raised. In any event, we note that raising the issue would likely have had no practical effect because the sentences were ordered served concurrently.

N.E.2d 312, 314 (Ind.1996). We look to the evidence and the reasonable inferences therefrom that support the verdict and will affirm a conviction if evidence of probative value exists from which a jury could find the defendant guilty beyond a reasonable doubt. *Id.* Mere presence at the crime scene with the opportunity to commit a crime is not a sufficient basis on which to support a conviction. *See Wilson v. State,* 455 N.E.2d 1120, 1122 (Ind.1983). However, presence at the scene in connection with other circumstances tending to show participation may be sufficient to sustain a conviction. *Menefee v. State,* 514 N.E.2d 1057, 1059 (Ind.1987).

When Cassandra put K.S. to bed on November 19, 1997, K.S. was not injured or bleeding. Roop and Cassandra went to bed sometime after 3:30 a.m. on November 20. According to Roop's own account, he is the only person who had contact with K.S. between the time he awoke, changed her diaper and bathed her, and the time he noticed blood in her diaper and awakened Cassandra. The undisputed medical evidence is that K.S. was sexually abused; the only issue is the identity of the perpetrator.

According to Roop, Cassandra or William could have molested K.S. Evidence suggesting these possibilities was presented to and rejected by the jury. On appeal, Roop suggests that Cassandra was in the apartment and had access to K.S., but concedes that in his statements to police he stated that Cassandra did not attend to K.S. in those hours. He now merely suggests that he could not have known what Cassandra was doing while he was asleep. There is no evidence that William was in the apartment at or near the time of the molestation of K.S., let alone that he molested her. Finally, Roop told Cassandra en route to the hospital that he wished he had gone to work that day "[b]ecause this never would have happened." Roop testified at trial that he had made this statement but explained it as follows: "I felt obligated, [K.S.] was under my care and I kind of felt, you know, like since this happened under my care, you know, it was my fault. I mean, I was caring for her at the time...." On its face this does not explain the statement that the injury "never would have happened" if Roop had gone to work. The jury was free to consider Roop's statement en route to the hospital as an admission of guilt and this, coupled with his opportunity and the lack of opportunity of others to commit the offense, is sufficient evidence from which the jury could have reasonably found him guilty of child molesting.

### Conclusion

The judgment of the trial court is affirmed.

SHEPARD, C.J., and DICKSON, SULLIVAN and RUCKER, JJ., concur.