Kenneth ADAMS, Appellant–Defendant,

v.

STATE of Indiana, Appellee.

No. 49A04–0010–CR–444.

Court of Appeals of Indiana.

Sept. 13, 2001.

Steven J. Halbert, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Eileen Euzen, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

1. Ind.Code § 35–42–2–1(a)(3) (Burns Code Ed. Repl.1998 & Supp.2000).

2. Ind.Code § 35–42–2–1.3 (Burns Code Ed. Supp.2000).

**OPINION**

SULLIVAN, Judge.

Appellant, Kenneth Adams, challenges his convictions for Battery resulting in serious bodily injury,[1] a Class C felony, Domestic Battery with a prior conviction,[2] a Class D felony, and Criminal Recklessness with a deadly weapon,[3] a Class D felony. Adams presents only one issue for review—whether his convictions violate Indiana's Double Jeopardy Clause. We reverse and remand for proceedings consistent with this opinion.

On December 31, 1999, Adams returned home intoxicated and awoke his wife, Debra, because he wanted her to go back out with him. After Debra refused, they began to argue. The argument quickly developed into a physical altercation, during which Adams grabbed Debra's arms, face and hair in an effort to prevent her from leaving. As Debra attempted to flee through the kitchen, Adams struck the back of her head with a glass ashtray, causing her to lose consciousness. Eventually, Debra left the house and notified police.

Adams was charged as set forth above along with one count of Criminal Confinement,[4] a Class D felony. During the bench trial, Debra testified, recounting the details of the incident and the State offered pictures of Debra's injuries. Some of the pictures showed Debra with a "black eye and a bruised face where [Adams] grabbed [her], and a bruised nose." Record at 103. Others showed the injury to the back of Debra's head where she had been struck with the ashtray.

3. Ind.Code § 35–42–2–2(b)(1) (Burns Code Ed. Repl.1998).

4. Ind.Code § 35–42–3–3(1) (Burns Code Ed. Repl.1998).

Thereafter, Adams was found guilty of all counts except criminal confinement. With regard to the Class C felony battery, the trial court sentenced Adams to five years incarceration, with two of those years suspended and to be served on probation. Adams received three years incarceration on each Class D felony. All of the sentences were to be served concurrently.

 Adams contends that his convictions violate Indiana's Double Jeopardy Clause. "[T]wo convictions may be the 'same offense' in violation of [the] Indiana Double Jeopardy Clause if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense." *McIntire v. State*, 717 N.E.2d 96, 99 (Ind.1999). Adams claims that his act of striking Debra's head with the ashtray, rendering her unconscious, was used to support all three convictions. By his assertion, Adams presents a challenge under the actual evidence test.

"Under this inquiry, the actual evidence presented at trial is examined to determine whether each challenged offense was established by separate and distinct facts. To show that two challenged offenses constitute the 'same offense' in a claim of double jeopardy, a defendant must demonstrate a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense." *Richardson v. State*, 717 N.E.2d 32, 53 (Ind. 1999).

 The evidence presented at trial reveals that during an argument, Adams grabbed Debra's arms, face and hair, causing bruising to her face and eye, and thereafter struck the back of her head with a glass ashtray, causing her to lose consciousness. While Adams' act of grabbing Debra could have potentially supported a factually separate battery, justifying a separate conviction, the State elected to base its charges upon the latter act. With regard to the charge of Domestic Battery, the State alleged that "Kenneth Adams, did knowingly in a rude, insolent or angry manner touch, Debra Adams, another person who is or was the spouse of the Defendant ... and further that said touching resulted in bodily injury to the other person, specifically pain and *unconsciousness*." Record at 17. The charge for Criminal Recklessness stated that "Kenneth Adams, did recklessly, knowingly or intentionally perform an act that created a substantial risk of bodily injury to Debra Adams, *said act being described as striking her in the head knocking her unconscious*, and further that when the defendant committed said act the defendant was armed with a deadly weapon, to wit: a glass ashtray." Record at 19. Finally, with regard to the charge of Battery, as a Class C felony, the State alleged that "Kenneth Adams, did knowingly or intentionally, touch Debra Adams in a rude, insolent, or angry manner, causing serious bodily injury, that is: *unconsciousness*." Record at 28 (emphases supplied). Because the same act—striking Debra on the head with an ashtray—was used to establish both the touching for the two battery counts and the act causing substantial risk of bodily injury for criminal recklessness, Adams has demonstrated a reasonable possibility that the same evidentiary facts were used to establish the essential elements of the three offenses.

Nevertheless, the State claims that because the court imposed concurrent rather than consecutive sentences, Adams was not subject to multiple punishments for the same offense and, therefore, there can be no state double jeopardy violation. In support of its contention the State relies

upon the following statement set forth in a footnote in *Roop v. State*, 730 N.E.2d 1267, 1270 n. 2 (Ind.2000):

> "We also note that Roop's convictions for child molesting, neglect of a dependent, and battery appear to raise a claim under the Indiana Double Jeopardy Clause. *See Richardson v. State*, 717 N.E.2d 32 (Ind.1999). Here, the appellant's brief was filed on December 29, 1999, and *Richardson* was readily available to be raised. In any event, we note that raising the issue would likely have had no practical effect because the sentences were ordered served concurrently."

The State's argument is not a novel one. Most recently, another panel of this court rejected this precise argument. *See Carroll v. State*, 740 N.E.2d 1225, 1233 (Ind. Ct.App.2000), *trans. denied.* In particular, the *Carroll* court found that the defendant had misread *Roop* and further found that no case had suggested that "the imposition of concurrent sentences *cures* a double jeopardy violation." (emphasis supplied). We agree with the court in *Carroll* and find the State's contention to be without merit.[5]

Finally, the State contends that Adams' double jeopardy claim is not ripe for review because his multiple convictions have yet to have injurious consequences. To support its position, the State relies upon *Platt v. State*, 664 N.E.2d 357 (Ind.Ct.App. 1996), *trans. denied, cert. denied,* 520 U.S. 1187, 117 S.Ct. 1470, 137 L.Ed.2d 683 (1997), and *Gustman v. State*, 660 N.E.2d 353 (Ind.Ct.App.1996), *trans. denied.*

In *Platt, supra*, the defendant for himself and others, sought a mandatory injunction challenging the constitutionality of the Marion County public defender system as violative of the Sixth Amendment right to the effective assistance of counsel. This court initially noted that a violation of the Sixth Amendment will not arise unless a defendant has been prejudiced by an unfair trial. Noting that the defendant had not yet been subject to a "proceeding and outcome from which to base our analysis," the court concluded the defendant's claim was not ripe. 664 N.E.2d at 363.

In *Gustman, supra*, the defendant appealed the sentence imposed after he pleaded guilty to criminal nonsupport of his child. In addition to having to serve an executed sentence, the defendant was placed on probation. Upon his release, the defendant was required to make his child support payments as a condition of his probation. The defendant argued upon appeal that his condition of probation violated his constitutional rights because an indigent defendant may not be incarcerated for failing to pay a fine. This court held that because the defendant had not yet been incarcerated for violating his probation, that issue was not ripe for review. 660 N.E.2d at 356.

---

**5.** Three months before *Carroll* was decided, this court rejected the same contention in *Noble v. State*, 734 N.E.2d 1119, 1125 (Ind.Ct. App.2000), *trans. denied.* Instead of relying upon the footnote in *Roop, supra*, the State relied upon Justice Boehm's concurring opinion in *Richardson, supra*, wherein he concluded that "the Indiana double jeopardy clause only prohibits subsequent prosecutions for the same offense, not multiple punishments for the same offense." *Noble*, 734 N.E.2d at 1125. The State claimed that Justice Boehm's concurring opinion supported its assertion that multiple punishments are not violative of the state double jeopardy clause. The *Noble* court found, however, that in light of other pronouncements from our Supreme Court and this court, the Indiana double jeopardy clause prohibits multiple punishments for the same act. *See id.* ("[M]ultiple convictions (and by extension, multiple punishments), as well as multiple prosecutions, violate the Indiana double jeopardy clause.").

Neither *Platt* nor *Gustman* is persuasive; neither case concerned a double jeopardy violation. The constitutional violation in this case occurred when Adams received multiple punishments for the same act. Sentences were imposed upon each of the three convictions. This constitutes multiple punishments whether or not those punishments are to be served concurrently. *McBroom v. State,* 530 N.E.2d 725 (Ind.1988); *Noble,* 734 N.E.2d at 1125; *Davis v. State,* 642 N.E.2d 987 (Ind.Ct. App.1994).

Having found a state double jeopardy violation, the only remaining determination is the appropriate remedy for the violation. "When [the] convictions are found to contravene double jeopardy principles, a reviewing court may remedy the violation by reducing either conviction to a less serious form of the same offense if doing so will eliminate the violation." *Richardson,* 717 N.E.2d at 54. If reducing an offense will not cure the violation, then the conviction "with the less severe penal consequences" must be vacated. *Id.* at 54–55.

Here, the violation cannot be remedied by reducing any of the convictions to a less serious form. Therefore, we vacate the two Class D felony counts and leave standing the Class C felony battery.

The judgment is reversed and remanded to the trial court for proceedings consistent with this opinion.

FRIEDLANDER, J., and RILEY, J., concur.