## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 13 2015, 9:40 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Kimberly A. Jackson
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

William L. Holt,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

February 13, 2015

Court of Appeals Case No.
11A01-1406-CR-269

Appeal from the Clay Superior Court
The Honorable J. Blaine Akers, Judge
Case No. 11D01-1312-FC-912

**Crone, Judge.**

## Case Summary

[1]     William L. Holt appeals his convictions for class C felony battery resulting in serious bodily injury and class A misdemeanor domestic battery resulting in bodily injury. Holt argues that the trial court abused its discretion in instructing

the jury, that the evidence is insufficient to support his convictions, and that his convictions violate double jeopardy principles. We conclude that the trial court did not abuse its discretion in instructing the jury and that the evidence is sufficient to support his convictions. However, we agree with Holt that his convictions violate double jeopardy principles. Therefore, we affirm his class C felony battery conviction and vacate his class A misdemeanor domestic battery conviction.

## Facts and Procedural History[1]

[2] The facts most favorable to the verdicts show that Holt and V.H. had a romantic relationship and lived together from July through December 2013. In December 2013, they lived with Robert Grant, Jr., Brandy Thompson, and Patricia Linville. Grant and Thompson were engaged and slept in their own bedroom. Linville also had her own bedroom. Holt and V.H. slept on couches in the living room. Late one December evening, Thompson returned home from work. Linville was already in bed in her room. Thompson went to her bedroom and watched television with Grant. V.H. came into their bedroom to talk to them, while Holt remained in the living room.

[3] Holt came to the bedroom door and threatened V.H. He was angry and said that he "was gonna punch her face in." Tr. at 91. Grant told Holt that there

---

[1] We remind Holt's counsel that the statement of facts in an appellate brief should be stated in accordance with the appropriate standard of review as required by Indiana Rule of Appellate Procedure 46(6)(b).

would be no fighting, and Holt returned to the living room. About fifteen minutes later, V.H. also returned to the living room. Holt started to argue with her, but she told him that she did not want to argue and lay down on a couch to go to sleep.

[4] Shortly after V.H. left their bedroom, Thompson heard her screaming and crying. Grant and Thompson jumped up and went into the living room. Grant saw Holt on top of V.H. with his knee in her chest. Then he saw Holt hit her twice in the face. Grant told Holt, "[H]ey, that ain't right. Get up out of my house. You know, you gonna go to jail." *Id*. at 108.

[5] Linville also came into the living room. She saw V.H. screaming and covered in blood. V.H. told Linville that Holt hit her. Thompson and Linville took V.H. to St. Vincent's Hospital in Clay County. Holt also left. Grant stayed behind to clean up the blood.

[6] Nurse Jennifer Reckerd treated V.H. at the hospital. Reckerd observed that V.H. was crying and moaning, her face was swollen and bruised, and there was blood in and around her mouth. *Id*. at 173. V.H. told Reckerd that she had been beat up by her "boyfriend." *Id*. at 190. V.H. was in severe pain, which she described as ten on a scale of one to ten. Her appearance was consistent with her description of the pain. Hospital examination of V.H. revealed multiple fractures to her face. Hospital staff called the police and transferred V.H. to St. Vincent's Hospital in Indianapolis for "a higher level of care." *Id*. at 194.

Before V.H. was transferred, the police arrived at the hospital. They were unable to interview V.H., but they photographed her injuries. They also took a statement from Thompson, and she gave them Grant's address. The police went to Grant's house. Grant showed them the scene of the battery, which they photographed. There was blood on the couch and walls. Grant also provided a statement and told them that Holt was probably at his ex-girlfriend Lynn Godsey's house. The police then went to her house. She told them that she knew why they were there, allowed them in, and took them to Holt. Holt had told Godsey that he beat V.H. The police saw blood on Holt's clothes, hand, and fingernails, and they arrested him.

The State charged Holt with class C felony battery resulting in serious bodily injury and class A misdemeanor domestic battery resulting in bodily injury. Following a two-day trial, the jury found Holt guilty as charged. The trial court entered judgment of conviction on both verdicts. Holt appeals.

## Discussion and Decision

### Section 1 – The trial court did not abuse its discretion in instructing the jury.

The trial court gave the following jury instruction over Holt's objection:

> A person who has specialized education, knowledge, or experience is permitted to express an opinion in those areas. You should evaluate this testimony as you would other evidence in this case. You should also consider the witness' skill, experience, knowledge and familiarity with the facts in the case.

*Id*. at 297.

[10] "Instructing a jury is a matter assigned to trial court discretion, and an abuse of that discretion occurs when 'the instructions as a whole, mislead the jury as to the law in the case.'" *Hamm v. State*, 826 N.E.2d 640, 641 (Ind. 2005) (quoting *Carter v. State*, 766 N.E.2d 377, 382 (Ind. 2002)). "In reviewing a trial court's decision to give a tendered jury instruction, we consider (1) whether the instruction correctly states the law, (2) is supported by the evidence in the record, and (3) is not covered in substance by other instructions." *Munford v. State*, 923 N.E.2d 11, 14 (Ind. Ct. App. 2010) (quoting *Murray v. State*, 798 N.E.2d 895, 899-900 (Ind. Ct. App. 2003)).

[11] Holt argues that the instruction informed the jury regarding expert testimony and is unsupported by the evidence because no expert witness testified.[2] The instruction refers to a person "who has specialized education, knowledge, or experience." Tr. at 297. Reckerd, the nurse who treated V.H. for her injuries at the hospital, testified at Holt's trial regarding her observation and opinion of V.H.'s injuries and pain. Nurse Reckerd had specialized education, knowledge, and experience in treating trauma patients. Accordingly, the trial court did not abuse its discretion in giving the jury instruction.

---

[2] Holt concedes on appeal that the instruction correctly states the law and is not covered elsewhere. Appellant's Br. at 11.

## Section 2 – The evidence is sufficient to establish that Holt was the person who battered V.H.

[12] Holt asserts that there was insufficient evidence to establish that it was he who battered V.H.[3] In reviewing the sufficiency of the evidence, we consider only the evidence and reasonable inferences arising therefrom supporting the conviction without reweighing the evidence or judging witness credibility. *Henley v. State*, 881 N.E.2d 639, 652 (Ind. 2008). "We will affirm a conviction if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt." *Id*.

[13] Here, Grant testified that he saw Holt hit V.H. in the face two times. Linville testified that V.H. told her that Holt hit her. Nurse Reckerd testified that V.H. told her that her boyfriend beat her. Godsey testified that Holt came to her home late that night and told her that he beat V.H. Police saw blood at the scene of the battery and blood on Holt's clothes, hand, and fingernails. This is more than sufficient evidence from which a reasonable factfinder could conclude beyond a reasonable doubt that Holt was the batterer. Holt's

---

[3] To convict Holt of class C felony battery, the State was required to prove beyond a reasonable doubt that he knowingly touched V.H. in a rude, insolent, or angry manner resulting in serious bodily injury. Appellant's App. at 20; Ind. Code § 35-42-2-1. To convict Holt of class A misdemeanor domestic battery, the State was required to prove that Holt touched V.H. in a rude, insolent, or angry manner resulting in bodily injury and that V.H. was living with Holt as if she were his spouse. *Id*.; Ind. Code § 35-42-2-1.3. Holt does not challenge the sufficiency of the evidence as to any of the elements of these offenses other than the identity of the perpetrator.

argument is merely an invitation to reweigh the evidence and judge witness credibility, which we must decline.

## Section 3 – Holt's battery and domestic battery convictions violate double jeopardy principles.

[14] Holt contends that his convictions for class C felony battery resulting in serious bodily injury and class A misdemeanor domestic battery resulting in bodily injury violate the constitutional prohibition against double jeopardy and requests that we vacate his domestic battery conviction. The Indiana Constitution provides, "No person shall be put in jeopardy twice for the same offense." Ind. Const. art. 1, § 14. "Indiana's Double Jeopardy Clause ... prevent[s] the State from being able to proceed against a person twice for the same criminal transgression." *Richardson v. State*, 717 N.E.2d 32, 49 (Ind. 1999). "[T]wo or more offenses are the 'same offense' in violation of Article I, Section 14 of the Indiana Constitution, if, with respect to *either* the statutory elements of the challenged crimes *or* the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense." *Id*.

[15] "In addition to the instances covered by *Richardson*, 'we have long adhered to a series of rules of statutory construction and common law that are often described as double jeopardy, but are not governed by the constitutional test set forth in *Richardson*.'" *Guyton v. State*, 771 N.E.2d 1141, 1143 (Ind. 2002) (quoting *Pierce v. State*, 761 N.E.2d 826, 830 (Ind. 2002)). One of these categories prohibits "conviction and punishment for a crime which consists of

the very same act as another crime for which the defendant has been convicted and punished." *Id.*; *see also Richardson*, 717 N.E.2d at 55 (Sullivan, J., concurring).

[16] To determine whether both of Holt's convictions were based on the very same act, we consider the evidence, charging information, final jury instructions (if there was a jury), and arguments of counsel. *Rutherford v. State*, 866 N.E.2d 867, 871 (Ind. Ct. App. 2007). Here, the charging information alleged that Holt "knowingly touch[ed] [V.H.] in a rude, insolent, or angry manner" to support both the class C felony battery and the class A misdemeanor domestic battery charges. The evidence at trial showed that Holt hit V.H. in the face and caused her injuries. The prosecutor argued that Holt's act of hitting V.H. in the face constituted the "touching" for both charges. Tr. at 279, 281. Thus, the very same act formed the basis of both convictions. Furthermore, the fact that the battery conviction includes serious bodily injury and the domestic battery conviction includes bodily injury does not avoid the double jeopardy violation because V.H.'s bodily injury is encompassed within her serious bodily injury. The prosecutor told the jury as much at trial. *Id.* at 281. Therefore, we conclude that Holt's class C felony battery and class A misdemeanor domestic battery convictions violate double jeopardy principles. *See Vaughn v. State*, 782 N.E.2d 417, 422 n.9 (Ind. Ct. App. 2003) (concluding that convictions for battery and domestic battery arising out of same incident create double jeopardy violation), *trans. denied*, *superseded by statute on other grounds*; *Adams v. State*, 754 N.E.2d 1033, 1035 (Ind. Ct. App. 2001) (concluding that Adams's act of

striking victim on head with ashtray was used to establish both the touching for two battery counts and the act causing substantial risk of bodily injury for criminal recklessness, thus creating double jeopardy violation).

[17] "When two convictions are found to contravene double jeopardy principles, a reviewing court may remedy the violation by reducing either conviction to a less serious form of the same offense if doing so will eliminate the violation. If it will not, one of the convictions must be vacated." *Richardson*, 717 N.E.2d at 54 (citation omitted). Because we cannot eliminate the violation by reducing either conviction to a less serious form of the same offense, we order that Holt's conviction for class A misdemeanor domestic battery be vacated. *See Jones v. State*, 523 N.E.2d 750, 754 (Ind. 1998) (vacating battery conviction because information showed that identical touching was basis of second battery conviction), *abrogated on other grounds by Richardson*.

[18] Affirmed in part and vacated in part.

Friedlander, J., and Kirsch, J., concur.