**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 15 2015, 8:52 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**ANGELO P. DOVE**
Carlisle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANGELO P. DOVE, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1311-PC-460 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Clarence D. Murray, Judge
Cause No. 45G02-1104-PC-2

**January 15, 2015**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Angelo Dove appeals the post-conviction court's denial of his petition for post-conviction relief. Dove, who pleaded guilty but mentally ill to voluntary manslaughter, argues that he did not enter his plea knowingly, intelligently, and voluntarily. Finding no error, we affirm.

FACTS[1]

On January 28, 2003, Dove got into an argument with his girlfriend, Kelly Cleveland, and stabbed her multiple times in the neck, chest, back, wrists, and fingers. Cleveland died from the wounds. Dove laid with her body for four or five days before finally covering it when it began to smell.

On March 24, 2003, Dove was charged with murder. The trial court appointed multiple psychiatrists who disagreed over Dove's sanity at the time of the offense and his competence to stand trial. The trial court ordered Dove committed.

The court appointed Dr. Jeffrey Wendt, who filed a report on March 5, 2008, concluding that Dove was now competent to stand trial. As to Dove's mental state at the time of the offense, Dr. Wendt diagnosed Dove with schizoaffective disorder, bipolar type, and concluded that Dove did not have the capacity to appreciate the wrongfulness of his conduct at the time.

On January 23, 2009, the parties submitted a plea agreement in which Dove agreed to plead guilty but mentally ill to voluntary manslaughter. The trial court held a

---

[1] For a more detailed recitation of the facts, see this Court's unpublished memorandum decision Dove v. State, No. 45A03-0905-CR-232, 2010 WL 334840, at *1-*4 (Ind. Ct. App. Jan. 29, 2010).

hearing on the agreement during which Dove indicated that he understood the nature of the charge against him and the possible sentences before pleading guilty. The agreement left sentencing to the discretion of the trial court. On April 20, 2009, the trial court held a sentencing hearing and sentenced Dove to forty-five years. The trial court found Dove's mental illness to be a mitigating factor but chose to give it little weight as it determined that Dove derived a great benefit from the plea agreement in that he was not charged with murder when the evidence strongly favored conviction.

In April 2011, Dove sought post-conviction relief claiming that his plea was not knowing, voluntary, and intelligent. Dove claimed that his trial counsel informed him that there was no concrete difference between the verdicts of guilty but mentally ill and not guilty by reason of insanity. The post-conviction court held a hearing on November 2, 2011, during which Dove testified on his own behalf and also examined his trial counsel. The post-conviction court found trial counsel's testimony credible and did not find Dove's testimony credible. On October 30, 2013, the post-conviction court denied Dove's petition for post-conviction relief. Dove now appeals.

DISCUSSION AND DECISION

Dove pleaded guilty but mentally ill to voluntary manslaughter and received a forty-five year sentence. A guilty plea is a waiver of specific constitutional rights. Anderson v. State, 465 N.E.2d 1101, 1102 (Ind. 1984). "Fundamental due process requires that a criminal charge be proven beyond a reasonable doubt and a defendant's waiver of this right must be knowing, intelligent, and voluntary, and appear affirmatively

3

on the record of the guilty plea proceedings." Id. (citations omitted). Indiana Post-Conviction Rule 1 provides that "[a]ny person who has been convicted of . . . a crime by a court of this state, and who claims . . . that the conviction or the sentence was in violation of the Constitution of the United States or the constitution or the laws of this state" may institute a proceeding for post-conviction relief. Dove instituted such a proceeding and, on appeal, he reiterates the argument he made before the post-conviction court that he did not enter his plea knowingly, intelligently, and voluntarily.

In a post-conviction proceeding, the burden is on the petitioner to establish grounds for relief by a preponderance of the evidence. Graham v. State, 941 N.E.2d 1091, 1096 (Ind. Ct. App. 2011). In denying Dove's petition, the post-conviction court entered findings of fact and conclusions of law as required by Indiana Post-Conviction Rule 1(6). We review the post-conviction court's factual findings under a clearly erroneous standard and give no deference to its conclusions of law. Id. We will affirm if the court's findings are sufficient to support its judgment. Id. We will not reweigh the evidence or judge the credibility of the witnesses and we will examine only the probative evidence and the reasonable inferences drawn therefrom that support the post-conviction court's decision. Id.

At the post-conviction hearing, Dove argued that his trial counsel informed him that there was no concrete difference between the verdicts of guilty but mentally ill and not guilty by reason of insanity. Dove testified that he was led to believe "that the jurors would be able to circumvent an insanity option by using guilty but mentally ill." PC Tr.

4

p. 174. Dove also testified that he told trial counsel that he suffered from a blackout while committing the offense, but that trial counsel informed him that that information could not be included in the plea agreement. Id. at 174-75.

Dove also points to his apparent reaction to a statement by the trial court during his sentencing hearing as evidence that he did not understand the distinction between the verdicts:

> Court: The plea was guilty but mentally ill. There is a big distinction between that and a finding by the Court that a person is not responsible by reason of insanity. That is not what we have here. This is a plea of guilty but mentally ill.

> Court: I've heard your comments, Mr. Dove, I'm going to finish this hearing up now. It's time for you to listen to me.

Sent. Tr. p. 101. Dove claims that, between the court's statements, he raised his hand in an attempt to withdraw his plea.

At the post-conviction hearing, trial counsel's testimony conflicted with Dove's. Trial counsel testified that he "would have never told [Dove] that guilty, but mentally ill, and not guilty by reason of insanity . . . were the exact same things." PC Tr. p. 45-46. Trial counsel also testified that he had no memory of instructing Dove to withhold any information concerning his alleged blackout. Id. at 53.

Initially, we note our Supreme Court's observation that when a defendant is properly informed of his rights, the resulting plea will normally be deemed knowing, intelligent, and voluntary:

5

We have previously noted that "a plea hearing conducted in accordance with Indiana Code § 35-35-1-2 [governing plea hearings] is the best way to assure that a defendant's plea is made voluntarily and intelligently. A defendant fully armed with all the information outlined in the statute is most able to make the voluntary and intelligent decision which the Indiana and U.S. Constitutions entitle him to make." Such a plea is "unlikely to be found wanting in a collateral attack."

Hopper v. State, 957 N.E.2d 613, 620-21 (Ind. 2011) (quoting White v. State, 497 N.E.2d 893, 905 (Ind. 1986)). It appears from the record that the plea hearing was conducted in accordance with Indiana Code section 35-35-1-2, and Dove does not argue otherwise. However, Dove contends that, even when a plea hearing is conducted in accordance with the statute, "[d]efendants who can prove that they were actually misled by . . . defense counsel about the choices before them will present colorable claims for relief." White, 497 N.E.2d at 905-06.

Although Dove's contention is correct, the post-conviction court found that he failed to prove he was actually misled. It was for the post-conviction court to weigh the evidence and judge the credibility of the two witnesses. Other than his own testimony, Dove presented no evidence that indicated he had been misinformed as to his plea. The post-conviction court found "the testimony of [trial counsel] to be credible, and [did] not find [Dove's] testimony credible." Appellant's App. p. 379. After making this determination, the court concluded that Dove "was not misled, and has failed to prove that his plea was not knowing, intelligent, and voluntary." Id. at 380. Dove's contention on appeal that the facts differed from those found by the post-conviction court amounts to an invitation to reweigh the evidence and judge witness credibility, which we may not do.

6

In regard to Dove's actions at the sentencing hearing, the post-conviction court considered Dove's apparent gesture, but chose to give it little weight, noting:

> Though the petitioner states that it was his desire to withdraw his plea at that time, he did nothing to effectuate a withdrawal of his plea agreement. . . . He was told at his guilty plea hearing that the advisory sentence in his case was thirty (30) years, and that he was looking at a sentence of between twenty (20) and fifty (50) years. He knew he was going to prison.

Appellant's App. p. 379. Although Dove's gesture may have shed light on his thoughts on the day of sentencing, it did not prove that he acted unknowingly, unintelligently, or involuntarily when he pleaded guilty. The plea hearing was held nearly three months prior to the sentencing hearing, and a review of the plea hearing transcript clearly indicates that Dove was aware of the nature of the charge against him and the possible sentences. Plea Tr. p. 7-10. Consequently, the post-conviction court committed no clear error in affording little weight to Dove's actions at the sentencing hearing.

The judgment of the post-conviction court is affirmed.

MAY, J., and BARNES, J., concur.